53 243<br>68 121

ALBERTUS S. PARKER, PLAINTIFF IN ERROR, v. JOHN D.
WALLACE, OVERSEER, &c., DEFENDANT IN ERROR.

An entry in the minutes of the Supreme Court, that a judgment of a court
for the trial of small causes, brought into the Supreme Court by
*certiorari*, be affirmed upon an agreement by the counsel of the parties
"that a formal affirmance be entered, to the end that a writ of error
may be taken," does not disclose such a judicial determination as will
support the issuance of a writ of error from this court.

On error to the Supreme Court.

For the plaintiff in error, *Richard T. Miller.*

For the defendant in error, *Thomas E. French.*

The opinion of the court was delivered by

DIXON, J.·  This suit was brought originally in a court for
the trial of small causes, where, on trial, judgment was
rendered for the plaintiff.   The defendant then appealed to
the Gloucester Common Pleas, and there a judgment of
affirmance was entered by consent of the appellant's attorney.
The appellant then sued out of the Supreme Court a writ of
*certiorari*, on return of which the counsel of the parties agreed
"that a formal affirmance be entered, to the end that a writ
of error may be taken," and accordingly a rule for affirmance
embodying this agreement was entered in the minutes of the
Supreme Court.   Then the present writ of error was issued.

The substance of these proceedings is, that we are called
upon to review, in the first instance, a judgment of a court

for the trial of small causes. Such a review is not within the legitimate functions of this court. On the legal side, we are constitutionally confined to a review of judicial errors committed in the Supreme and Circuit Courts (*Entries* v. *State*, 18 *Vroom* 140), and entries in the minutes of those courts, which appear to rest solely upon the agreement of the parties, do not indicate judicial determinations and so cannot disclose judicial errors. Nor can the consent of parties extend our jurisdiction to the decisions of other tribunals.

Both a due regard for the prescriptions of the law, and justice to those litigants who assert real grievances which it is our province to investigate, require that we keep within our proper sphere.

The writ of error should be dismissed.