## THE STATE v. JACOB RACHMAN ET AL.

Submitted March 25, 1902—Decided September 2, 1902.

1. Where several persons are indicted jointly, they are not, under section 81 of the Criminal Procedure act of 1898, entitled to severally challenge ten of the general panel of jurors, but, collectively, ten.

2. Upon the trial of an indictment for receiving stolen goods, knowing them to have been stolen, the thief is not an accomplice of the person so indicted, and hence not a witness whose testimony must be corroborated as required in the case of an accomplice.

3. In such cases the court, however, upon request, should always give proper caution to the jury as to the care to be observed in considering the testimony of such a witness.

---

On application to open a judgment entered in this court affirming a conviction of the defendants in the Essex Quarter Sessions on an indictment for receiving stolen goods.

Before Justices FORT, HENDRICKSON and PITNEY.

For the defendants, *Samuel Kalisch.*

For the state, *Louis Hood.*

The opinion of the court was delivered by

FORT, J.  This is an application to vacate a judgment of this court entered in this case under a stipulation of counsel that judgment of affirmance should be entered therein.

A writ of error was taken to the Court of Errors and Appeals from the judgment entered in this court on said stipulation. That court dismissed the writ upon the record returned, for the reasons given in that court in *Parker* v. *Wallace,* 24 *Vroom* 243. Upon the record being remitted here, the pending motion is made.

While the judgment entered here was voluntary upon the part of the defendants, still this court would open it if it clearly appeared that there were merits in the record returned to this court with the writ upon which the defendants had not been heard.

To ascertain whether it is a case where the court should relieve the defendants from their own act the record has been examined and the points made in the briefs of counsel considered.

Five defendants were jointly indicted, and the trial court ruled that they jointly had but ten challenges and not severally ten. They ask that the judgment be opened that they may have it reversed for this alleged error of the trial judge.

Prior to the revision of 1898, several defendants, tried jointly, were only entitled to challenge collectively. Each did not have six challenges. *Moschell* v. *State,* 24 *Vroom* 498 (*Supreme Court*); *S. C., affirmed,* 25 *Id.* 390; *State* v. *Freeholders of Warren,* 2 *N. J. L. J.* 102 (*Chief Justice Beasley*).

Section 81 of the act of 1898 reads: "Upon the trial of any indictment where twenty peremptory challenges are not allowed, the defendant or defendants and the attorney-general or the prosecutor of the pleas shall each be entitled to challenge peremptorily ten of the general panel of jurors," &c. *Pamph. L., p.* 896.

This statute needs to be construed in the light of previous legislation. Prior to the revision of 1898 the defendant had six and the state had three challenges on the traverse of an indictment. The revision of 1898, *supra,* reads that "the defendant or defendants and the attorney-general or the prosecutor of the pleas shall *each* be entitled to challenge peremptorily ten," &c.

Upon the use of the word "each" in this statute is built up

the theory that the legislature intended to give ten challenges to each defendant. This is not sustainable. No other word could have been used when the act gave to "the defendant or defendants" or to "the attorney-general or prosecutor of the pleas" ten challenges each. Would it be contended that in case the attorney-general was present assisting the prosecutor in the trial of an indictment that the attorney-general could challenge ten and the prosecutor ten? The "defendant or defendants," as the case may be, can challenge ten, not ten for each defendant where there is more than one defendant.

Another contention for opening the judgment is that the court held that a witness guilty of stealing goods is not an accomplice of a person receiving them, and hence is not one whose evidence need be corroborated. A jury in this State may convict even on the uncorroborated evidence of an accomplice, the court having properly cautioned them of the force of such evidence. *State* v. *Hyer,* 10 *Vroom* 598.

The charge of the trial judge in this regard was correct. *People* v. *Bolanger,* 71 *Cal.* 20.

Our statute makes larceny and the receiving of stolen goods, knowing them to have been stolen, separate offences. If the property stolen be above the value of $20 it is a higher grade of crime than the crime of receiving such property, knowing it to have been stolen. Receiving stolen goods is only a misdemeanor. Stealings above $20 in value are high misdemeanors; below that amount, are misdemeanors only. The crimes are made by separate provisions of the statute and are each substantive offences. *Pamph. L.* 1898, *pp.* 837, 839, §§ 158, 166.

It is quite proper for, indeed, it would seem to be the duty of, the court to caution the jury as to the conviction of a defendant charged with receiving stolen goods upon the testimony of the thief, but if that testimony, after such caution, satisfies the jury, under the circumstances of the particular case, from its corroboration or otherwise, of the guilt of the defendant beyond a reasonable doubt, they may convict upon it and such a conviction will stand.

In the case before us we find an exception to the charge of the court that the receiver of stolen goods is not an accomplice of the thief, but we do not find that any request was made of the trial judge to charge the jury in a cautionary way as to the testimony of the thief. Chief Justice Beasley, in *State* v. *Heyers, supra,* very aptly states the rule which seems to apply to this case: "It is," he says, "extremely unlikely that, in the interests of justice, any judge, in a proper case, would neglect, much less refuse, to give, on request, such caution to the jury as the circumstances of the case require; but if he should, it being a matter of discretion with him, error could not be assigned upon the refusal." 3 *Jones Evid.,* § 787.

In the other alleged errors of the trial court we have found no reasonable or probable cause to believe that the defendants suffered any injury prejudicial to their defence on the merits of the case.

The application to vacate the judgment entered on the stipulation is refused and the judgment of affirmance will stand.