86 N.J. Super. 404 (1965)
207 A.2d 175
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS MANGRELLA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1965.
Decided February 4, 1965.
*406 Before Judges GAULKIN, FOLEY and COLLESTER.
Mr. Clyde A. Szuch, assigned counsel, argued the cause for defendant (Mr. Harold J. Wallum on the brief).
Mr. Philip R. Glucksman, Assistant Prosecutor, argued the cause for plaintiff (Mr. Brendan T. Byrne, Essex County Prosecutor, attorney; Mr. Peter Murray, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Defendant was convicted of selling heroin to Anthony Palmieri and he appeals. Palmieri, who testified for the State, was the only witness to the sale. Defendant's assigned counsel, in an excellent brief, has painstakingly dissected Palmieri's testimony in an effort to show that it was so shot through with contradictions and untruths, and was so vague and vacillating that it should not be accepted as sufficient to convict defendant. Furthermore, defendant charges that Palmieri, who was under indictment for possession of the heroin, falsely implicated him to save himself from punishment. For these reasons, defendant argues that his motion for an acquittal should have been granted. In the alternative, he argues that the verdict should be set aside as against the weight of the evidence.
Our examination of the testimony satisfies us that the evidence was sufficient to withstand the motion for acquittal; *407 that Palmieri's credibility was for the jury, as was defendant's; and that the verdict was not against the weight of the evidence. Cf. United States v. Simon, 119 F.2d 679 (3 Cir. 1941), certiorari denied 314 U.S. 623, 62 S.Ct. 78, 86 L.Ed. 500 (1941).
Defendant argues that the trial court's failure to charge the so-called "accomplice rule" was plain error. Trial counsel (not present counsel) did not ask for such a charge.
It has been held that the buyer of narcotics is so much the accomplice of the seller that he is entitled upon request to a charge based on the "accomplice rule." Lett v. United States, 15 F.2d 686 (8 Cir. 1926); Lett v. United States, 15 F.2d 690 (8 Cir. 1926); Fletcher v. United States, 81 U.S. App. D.C. 306, 158 F.2d 321 (D.C. Ct. App. 1946). Cf. State v. Hyer, 39 N.J.L. 598, 601 (Sup. Ct. 1877); State v. Rachman, 68 N.J.L. 120, 123 (Sup. Ct. 1902); State v. Bove, 98 N.J.L. 350 (Sup. Ct. 1922), affirmed o.b. 98 N.J.L. 576 (E. & A. 1923).
However, to speak of the "accomplice rule" with reference to the testimony of the buyer in cases such as this is illogical and leads to confusion, for the buyer was not the defendant's "accomplice" unless the defendant was indeed guilty of selling him the narcotics. As Chief Justice Weintraub said in his concurring opinion in State v. Begyn, 34 N.J. 35, 58 (1961):
"* * * [S]ince the witnesses could not be guilty unless defendant too was guilty of the offense for which he was on trial, an instruction characterizing the witnesses as guilty of crime had to carry the implication that by the same token defendant too was guilty. To state it in other terms, defendant's requests to charge involved a paradox, to wit, that the jury was asked to view cautiously the testimony of the witnesses upon a premise which simultaneously imported defendant's guilt, and this because the witnesses could not be guilty unless defendant too was guilty. It would be quite a feat for a jury both (1) to discredit the witnesses because they believed their incriminating testimony and (2) thereupon to acquit the defendant by disbelieving the very testimony they had already accepted as the truth. * * *"
*408 It follows that what is really meant by the so-called "accomplice rule" is that one who testifies while he is faced with criminal charges may be influenced to testify falsely by the hope of leniency, and ordinarily the defendant upon request is entitled to have the jury so advised by an appropriate charge. It makes no difference that the witness was not an accomplice of defendant, or, indeed, that defendant had no connection with the transaction which led to the charge against the witness. Cf. Fletcher v. United States, supra. As Justice Hall said in the majority opinion in Begyn, supra:
"* * * [W]e need not be concerned with technical definitions of `accomplice' which would limit the applicability of the rule to witnesses who are indictable for precisely the same crime as that for which the defendant is standing trial. Cf. State v. Dunphy, 19 N.J. 531, 535 (1955). Rather, our `accomplice rule,' if it can be called a rule, simply relates to a cautionary comment by the court regarding the credibility of witnesses who may have a special interest in the outcome of the cause, which might lead to influencing their testimony, because of some involvement in the criminal situation out of which the indictment and trial of the defendant arose. * * * This special interest comes about by reason of hope, or even bargain, for favor in later prosecution treatment of the witness' own criminal conduct in return for aid in convicting the defendant." (at p. 54)
See also State v. Rachman, supra.
In short, what we are dealing with is simply one kind of interest of a witness. The difference between the interest of such a witness and witnesses who are suspect for other reasons is merely a matter of degree. We deal with the "accomplice" as having a "special interest" only because our law has accepted the assumption that a witness "already enmeshed * * * in the hope of leniency * * * may falsely involve another" (Begyn, p. 59). From this it follows that a buyer who has already been sentenced may not have so special an interest. State v. Nobles, 79 N.J. Super. 442, 448 (App. Div. 1963). On the other hand, in any case, civil or criminal, even a non-accomplice witness may occupy a special position which the trial judge may conclude warrants comment in his charge.
The judge may give such a charge without a request and, as a matter of fact, that was the origin of the "accomplice *409 rule" (7 Wigmore, Evidence, § 2057, p. 322 (3d ed. 1940)). However, the judge need not give such a charge unless requested. State v. Wigfall, 70 N.J. Super. 506 (App. Div. 1961); State v. Begyn, supra. Indeed, it may be dangerous to volunteer such a charge for, as was pointed out in Begyn, supra, a defendant may claim to be prejudiced by it. Even when requested, the charge has to be carefully tailored to fit the facts of the particular case (Begyn, supra). Therefore, the defendant should be the one to ask for the charge and to do the tailoring. Cf. State v. Evans, 107 N.J.L. 474, 476 (E. & A. 1930).
The trial judge charged the jury:
"Now, in appraising the testimony of witnesses there are certain guides that you may use to assist you. You may take into account the common experience of mankind. You may test whether the testimony of the witnesses is either inherently probable or inherently improbable. You may examine the demeanor of the witnesses on the stand as they testified, that is, the way in which they reacted to questions and so forth, and you may also, of course, take into consideration the question of whether there is any motive to misstate any fact which has been testified to."
Defendant equates this charge with the charge which caused the reversal in State v. Edelman, 19 N.J. Super. 350 (App. Div. 1952). We think they cannot be equated. In Edelman, the judge told the jury that they were to accord the testimony of the accomplice "just as much value as the testimony of any other witness * * *." We held that this in effect directed the jury to give the accomplice as much credence as any other witness and thus ran directly counter to the "accomplice rule." Judge Bigelow said (at p. 354): "They may put little or no faith in [the accomplice's testimony], or they may be convinced of its truth, but certainly they are not required as a matter of law to accord it `just as much value' as the testimony of any other witness." There was no such direction here.
The judgment is affirmed.