STATE of Iowa, Appellee,

v.

Roger WIESE, Appellant.

STATE of Iowa, Appellee,

v.

Donald W. HATCH, Appellant.

Nos. 54279, 54280.

Supreme Court of Iowa.

Jan. 19, 1971.

Rehearing Denied March 9, 1971.

Dan Johnston, of Jesse, LeTourneau & Johnston, Des Moines, for appellants.

Richard C. Turner, Atty. Gen., Max A. Gors, Asst. Atty. Gen., and Max H. Buck, Marshalltown, County Atty., for appellee.

REES, Justice.

Defendants Roger Wiese and Donald Hatch, were charged separately by county attorney's true informations with illegal sales of a narcotic drug, in violation of section 204.2, Code, 1966. Both defendants entered pleas of not guilty and were separately tried and convicted. Following the court's overruling a motion for new trial in each case, defendants appealed. On applications of appellants, the cases were ordered consolidated for the purposes of appeal. We affirm on both appeals.

The defendants rely on two claimed errors for reversal: (1) The district court erred in overruling defendants' motion for directed verdict of acquittal which contended the evidence was insufficient to find defendant guilty, and (2) The court erred in failing to instruct the jury as to the Iowa accomplice corroboration statute, § 782.5, Code, 1966.

On October 17, 1969, Thomas Wignall, a resident of Marshalltown, was under indictment in the Marshall county district court for the crime of breaking and entering, and one Craig LaVerne Scovill, also of Marshalltown, was under indictment for the commission of a felony in Marshall County. Both are admitted users of narcotics. They were procured by the county attorney and sheriff of Marshall County to effect purchases of marijuana or other drugs from the defendants Hatch and Wiese. They testified they purchased a package containing marijuana from defendant Wiese on October 17, 1969, at which time they paid Wiese $35 in currency which had been furnished them by the authorities, that the purchase took place at a restaurant in Marshalltown, and that they then went to Scovill's apartment where Wignall cut the contents of the package in two, rewrapping half of it and retaining half for his own use. The claimed purchase from defendant Hatch was made following a contact at a restaurant, and arrangements were then developed for Hatch to deliver a package of marijuana at the Wignall home which Wignall and Scovill testified he did, and for which he was also paid a sum of money in currency which had likewise been furnished the purchasers by the authorities. Again the contents of the package were divided, one-half of which was then turned over to the sheriff and one-half was retained by Wignall and Scovill for their own use. The fact that Hatch did come to the Wignall home is corroborated by Wignall's wife and Scovill's wife, but neither testified they saw any drugs or currency exchanged between their husbands and the defendant Hatch.

At trial both defendants were represented by the same appointed counsel. The matters urged on appeal were not raised in the lower court, that is to say, there was no claim made at trial below that Scovill and Wignall were accomplices of the defendants and no exceptions were taken to the court's instructions and no request was made for instruction as to accomplice corroboration required by § 782.5, Code, 1966. Counsel on appeal urges, however, that since there was absolutely no instruction on the corroboration issue, and since the issue was crucial to the question of the guilt or the innocence of the defendants, that the failure of the court to instruct thereon was reversible error, even in the absence of a request by defense counsel.

I. Defendants are charged with violation of § 204.2, Code, 1966, which provides,

"It shall be unlawful for any person to manufacture, possess, have under his control, sell, purchase, prescribe, administer, dispense, compound, or propagate any narcotic drug, or any preparation containing a narcotic drug, except as authorized in this chapter."

Obviously, the statute proscribes the sale of narcotics and also proscribes the purchase or possession of the same by anyone not authorized to either sell or possess them. It is significant to note, therefore, that several and separate crimes are proscribed by the foregoing statute.

■■■ The test for determining whether a person is an accomplice of another charged with the commission of a public offense is ordinarily whether or not he could be prosecuted for the same and identical crime himself. Clearly Wignall and Scovill could not have been prosecuted for the sale of narcotics. We are unable to conclude that Scovill and Wignall were accomplices of either defendant. State v. Myers, 207 Iowa 555, 223 N.W. 166; State v. Tippett, 244 Iowa 1350, 1354, 60 N.W.2d 538, 540; State v. Dwyer (N.D., 1969),

172 N.W.2d 591; People v. Ricci, 59 Misc. 2d 259, 298 N.Y.S.2d 637; People v. Freytas, 157 Cal.App.2d 706, 321 P.2d 782; Tellis v. State of Nevada, 84 Nev. 587, 445 P. 2d 938, 940.

The defendants assert that the use of a portion of the purchased narcotic by the informers themselves renders them accomplices to the crime charged. We are unable to perceive merit in this contention. The defendants concede but for the use of the narcotics by the informers, Wignall and Scovill would simply be informers and not accomplices.

The appellants rely on State of New Jersey v. Mangrella, 86 N.J.Super. 404, 207 A.2d 175. In Mangrella, the defendant was convicted of selling heroin, and error was alleged on the failure of the court to give a cautionary instruction to the jury with regard to the credibility of witnesses who had a special interest in the outcome of the case, which fact might lead them to color their testimony. In Mangrella, the court said at page 177 of 207 A.2d,

"It has been held that the buyer of narcotics is so much the accomplice of the seller that he is entitled upon request to a charge based on the 'accomplice rule'. * * * However, to speak of the 'accomplice rule' with reference to the testimony of the buyer in cases such as this is illogical and leads to confusion, for the buyer was not the defendant's 'accomplice' unless the defendant was indeed guilty of selling him the narcotics."

The New Jersey court then went on to quote Chief Justice Weintraub in State v. Begyn, (1961) 34 N.J. 35, 38, 167 A.2d 161, 173:

"Since the witnesses could not be guilty unless the defendant too was guilty of the offense for which he was on trial, an instruction characterizing the witnesses as guilty of crime had to carry the implication that by the same token defendant too was guilty. To state it in other terms, de-

fendant's request to charge involved a paradox, to wit, that the jury was asked to view cautiously the testimony of the witnesses upon a promise which simultaneously imported defendant's guilt, and this because the witnesses could not be guilty unless defendant too was guilty. It would be quite a feat for a jury both (1) to discredit the witnesses because they believed their incriminating testimony and (2) thereupon to acquit the defendant by disbelieving the very testimony they had already accepted as the truth."

We feel the prior pronouncements of our court in the cases cited *supra* control here and are not disposed to follow the rationale of Mangrella.

■ II. As we have noted above, counsel who represented both defendants upon the trial of the cases below failed to object or except to the instructions and to preserve the asserted error of the court's failure to instruct under the accomplice theory for consideration on appeal as it is required by rule 196, R.C.P. It is true a trial court has a duty to instruct on the law of the case, even without a request, when the issues presented justify.

State v. Carstens, 182 N.W.2d 119 (Iowa, 1970); State v. Gilmore (Iowa), 181 N.W.2d 145; State v. Schmidt, 259 Iowa 972, 979–980, 145 N.W.2d 631, 635–636.

We conclude the court was not required to instruct on corroboration of an accomplice as we have hereinabove determined Wignall and Scovill were not accomplices of either defendant.

There was ample testimony in the records justifying the trial court in submitting the cases to the juries. We find no reversible error in either case and conclude defendants had fair trials.

Both cases are therefore affirmed.

Affirmed.

All Justices concur.