STATE OF IOWA v. NELSON DUFF, Appellant.

**Criminal law:** AIDING ESCAPE FROM JAIL: EVIDENCE.  Where the defendant, accused of assisting a prisoner in escaping jail, produced evidence that the prisoner had stated to a witness that he would have his wife bring him tools with which to make his escape, it was proper for the State to show by the prisoner's wife that she did not deliver him any tools while in the jail.

**Same:** EVIDENCE: OBJECTION ON APPEAL.  The appellate court will not consider an objection to evidence which is not made of record at the trial.

**Same:** ACCOMPLICE: HOW DETERMINED.  A general rule for determining whether a person was an accomplice in the commission of a crime is to ascertain whether he could be indicted and convicted for the same offense.

**Same.**  A prisoner aided by some outside person to escape from jail is not an accomplice of such person.

**Same:** INDETERMINATE SENTENCE: CONSTITUTIONALITY.  The indeterminate sentence law, in providing that one convicted of crime shall be sentenced to the penitentiary for a period not exceeding the maximum statutory penalty for the crime, violates no constitutional right of the accused, or constitutional guaranty of the State.  Nor does the fact that the board of parol may lessen the term by a parol under the statute, violate the constitutional provision granting the power of reprieves, commutations and pardons to the governor, as there is nothing in the statute conferring such power on the board of parol.

*Appeal from Winneshiek District Court.*—HON. L. E. FELLOWS, Judge.

TUESDAY, OCTOBER 19, 1909.

THE defendant was convicted of the crime of assist-

ing a prisoner to escape from the jail of the county, and appeals.—*Affirmed.*

*E. R. Acres* and *M. J. Carter,* for appellant.

*H. W. Byers,* Attorney-General, and *Charles W. Lyon,* Assistant Attorney-General, for the State.

SHERWIN, J.—The evidence tended to show that the defendant delivered to one Frank H. Curb, who was lawfully detained in the jail of Winneshiek County, four steel saws, with which the said Curb attempted to effect his escape from said jail. The defendant offered evidence to the effect that Curb had said to a witness by the name of Riley that he would have his wife bring him saws with which to cut away the bars that detained him. In rebuttal the State was permitted, over the defendant's objection, to show by Mrs. Curb, the wife of Frank H. Curb, that she had not delivered any saws to her husband while he was in jail. Her evidence on this subject was clearly competent in rebuttal of any inference which the jury might have drawn from the relation existing between the witness and Frank H. Curb, and from the testimony offered by the defendant above referred to.

*1. CRIMINAL LAW: aiding escape from jail: evidence.*

John Biaess, who was deputy sheriff of the county, testified as to a conversation that he had had with Duff, and in connection with his testimony, as we understand the record, a notice in writing to the defendant, stating that one Kenyon would be introduced as a witness against him, and relating the substance of the testimony that would be given by him, was offered and received in evidence. Complaint is made of this, but as no objection to the testimony or exhibit appears in the record, it requires no further consideration.

*2. SAME: evidence: objection on appeal.*

The court gave no instruction on the subject of an

accomplice, and the defendant makes the claim that there was error in neglecting to so instruct; his position being that Curb and he were accomplices in assist-

**3. SAME: accom-plice: how determined.**

ing Curb to escape. A general rule for determining whether a witness is an accomplice or not is to determine whether he could have been indicted and convicted of the same crime. It will be remembered that Curb was the party in jail whom the indictment charged the defendant with having unlawfully assisted to escape, and it is very evident to us that Curb could not have been tried on a charge of having assisted himself to break jail. While it is true that section 4898 of the Code makes it a crime to break jail, and provides punishment therefor, the crime for which the defendant was indicted and convicted was an entirely separate and distinct one, defined and made punishable by section 4894 of the Code.

It is undoubtedly true that if Curb had assisted some other prisoner confined in the jail to escape, and at the same time had himself escaped, he would be an accomplice with the party whom he assisted, but it is the

**4. SAME.**

general rule, we think, that where a prisoner is aided to escape by an outside person, the prisoner is not an accomplice of the person, or persons, who assisted him in making his escape. Such is the holding in *Ash v. State,* 81 Ala. 76 (1 South. 558); *Peeler v. State,* 3 Tex. App. 533, and the same doctrine is announced in 12 Cyc. 448. We are of the opinion, therefore, that no instruction on the subject of accomplice was required.

The trial court sentenced the defendant to a term in the penitentiary under the indeterminate sentence statute, and as the punishment provided by law for the crime of

**5. SAME: indeterminate sentence: constitutionality.**

which the defendant was convicted is not to exceed ten years in the penitentiary, that term was the maximum punishment which could be inflicted. The defendant says that the statute

under which the defendant was sentenced is unconstitutional and void, "first, because it takes away the power vested in the courts, and vests it in officers appointed by the Governor; second, it delegates the power of pardon and commutation of sentence vested by the Constitution in the Governor to other persons." The defendant says "that the statute under which the defendant was sentenced not only forced the district judge to pass sentence for ten years, but forced him to hand the defendant over to the control of three men, who may deprive the defendant of his liberty and citizenship for many years." We are unable to see the force of this contention. That the Legislature has the power to fix the punishment for crime, with the limitation only that it be not cruel or excessive, will hardly be seriously questioned. And if the Legislature has such power, it may surely fix a definite and certain term of imprisonment for any particular crime, and this without placing any discretion in the hands of the court whose duty it is to carry out the legislative mandate. Thus the Legislature may undoubtedly provide that murder in the first degree shall be punishable with death, or with life imprisonment, as is provided by our own Code, and if this may be done, it must necessarily follow that the indeterminate sentence statute violates no constitutional right of the defendant, and violates no constitutional guaranty of the State in providing that a prisoner convicted of crime shall be sentenced to the penitentiary for a period not exceeding the maximum statutory penalty for the crime. In *State v. Perkins,* 143 Iowa, 55, we held that while the trial court has the power under the law to imprison in the penitentiary by the terms of the indeterminate statute it is denied the power to fix the term of imprisonment, and that such term is the maximum term provided for the punishment of the crime. This holding is in accord with the general trend of authority, and we have no disposition to recede therefrom. See cases cited in *State v. Perkins.*

That there is no uncertainty in the sentence is manifest from the fact that it is for the maximum term, and of this the defendant can not complain if the Legislature has the power to fix such term. The fact that the board of parol may lessen this term by a parol under the terms of the statute does not in our judgment affect the constitutionality of the act. But even if it did, the defendant is in no position to complain, because any act of the board in his behalf must necessarily lessen the maximum punishment provided by the statute. If the Legislature may fix a definite punishment for any crime, it must logically follow that the indeterminate sentence statute no more deprives the court of the power vested in it by the Constitution than does any other statute fixing a definite punishment; for if, as in the case of murder, the trial court is bound by the statute to impose the death penalty under certain conditions, it may just as certainly and constitutionally be compelled to obey the mandate of the statute in any other given case. *State v. Hockett,* 70 Iowa, 442.

Nor is there any merit in the appellant's contention that the statute under consideration delegates the power to grant reprieves, commutations, and pardons to the board of parol in violation of the Constitution granting such power to the Governor. Section 5718-a18, Code Supp. 1907, provides that the board of parol shall have power to establish rules and regulations under which it may allow prisoners within the penitentiaries, other than specific ones, to go upon parol outside of the penitentiary buildings, but to remain while on parol in the legal custody of the wardens of the penitentiaries, and under the control of the board of parol, subject at any time to be taken back and confined within the penitentiary. Section 5718-a19 authorizes the board to institute inquiries in regard to any prisoner, or application for pardon, final discharge, or parol, and section 5718-a20 authorizes the board of parol to recommend to the Governor the discharge of

any prisoner from further liability under his sentence. There is nothing in the statute conferring power upon the board of parol to reprieve, pardon or commute the sentence of any man confined in the penitentiary, and in addition to this, section 5718-a21 of the Supplement expressly provides that nothing in the act "shall be construed as impairing the power of the Governor, under the Constitution, to grant a reprieve, pardons or commutations of sentence in any case." That the parol of prisoners under the provisions of the indeterminate sentence law does not infringe the constitutional right of the Governor to grant pardons, reprieves, etc., is supported by the undoubted weight of authority. See *State v. Peters,* 43 Ohio St. 629 (4 N. E. 81); *Miller v. State,* 149 Ind. 608 (49 N. E. 894, 40 L. R. A. 109); *People v. Warden,* 39 Misc. Rep. 113 (78 N. Y. Supp. 907); *People v. Madden,* 120 App. Div. 338 (105 N. Y. Supp. 554); *People v. Mallary,* 195 Ill. 582 (63 N. E. 508, 88 Am. St. Rep. 212); *Murphy v. Commonwealth,* 172 Mass. 264 (52 N. E. 505, 43 L. R. A. 154, 70 Am. St. Rep. 266).

We find no error in the record, and the judgment is therefore *affirmed.*