STATE OF IOWA, Appellee, v. LESLIE A. CRISINGER, Appellant.

**GRAND JURY: Waiver of Irregularity.** The fact that a grand jury 1 is composed of two members from the same civil township is an irregularity that may be waived by the accused.

**INDICTMENT AND INFORMATION: Allowable Amendment.** An in- 2 dictment may be amended by inserting a verb which had manifestly been inadvertently omitted.

**WITNESSES: Incrimination—Who Entitled to Claim Privilege.** An 3 accused may not predicate error on the fact that a witness against him was compelled to incriminate himself.

**WITNESSES: Incrimination—Insufficient Record.** An accused may 4 not predicate error on the general assertion that he had been involuntarily taken before the grand jury and compelled to incriminate himself.

*Appeal from Mills District Court.*—E. B. WOODRUFF, Judge.

DECEMBER 11, 1923.

REHEARING DENIED MARCH 14, 1924.

PROSECUTION for larceny. There was a verdict of guilty and judgment thereon. The defendant appeals.—*Affirmed.*

*W. S. Lewis* and *R. J. Organ,* for appellant.

*Ben J. Gibson,* Attorney-general, *Maxwell A. O'Brien,* Assistant Attorney-general, and *C. H. Cook,* County Attorney, for appellee.

EVANS, J.—I. The defendant was not under arrest at the time the grand jury was selected and sworn by the court for the given term. He had no opportunity, therefore, to challenge the grand jury or any member thereof, at the time of its selection. He was under arrest, however, before the grand jury returned an indictment against him. Before the return of the indictment, it was discovered by the State that there was an irregularity in the selection of the grand jury, because of the fact that two members thereof were drawn from the same civil township. It being made known to the court that the grand jury had voted for an indictment against the defendant, the court caused the defendant and his counsel to be brought into court, and caused each to be therein advised of the irregularity in the selection of the grand jury herein specified, and then and there gave to the defendant and his counsel the right and privilege to challenge the grand jury on that ground. Defendant and his counsel were at the same time advised that such challenge, if made, would be sustained, and a new grand jury selected, and that his case would be submitted to such new grand jury. They were advised, also, that the present grand jury had voted to return an indictment, and that the same would be returned in the event that the irregularity should be waived. The defendant then and there, with the advice of his counsel, knowingly and deliberately waived the irregularity, and elected to proceed at once to trial upon the indictment about to be returned. Such was the course followed. The indictment being returned, the defendant entered his plea of not guilty. The waiver of irregularity in the selection by the grand jury was formally entered of record by the trial judge.

1. GRAND JURY: waiver of irregularity.

Afterwards, other counsel was employed as associate of the first counsel. He filed a motion to quash the indictment on account of the irregularity already specified, and challenged the right of the court to enter a waiver, and challenged the power of the defendant to make a waiver of such irregularity. This is the question now presented. We find no merit in the point. The right thus waived was not a constitutional right. It was purely statutory, and it was subject to other statutory provisions. Other statutory provisions clearly recognize the power of waiver of irregularities affecting the legality of the indictment. For instance, Code Section 5241 provides that the right to a motion by defendant to quash an indictment because of irregularity in the drawing of the grand jury "is waived by entering a plea to an indictment." Whereas Code Section 5319 provides the grounds upon which a motion to set aside the indictment may be predicated, and one of those grounds is that the grand jury was not selected and drawn according to law, yet, under Code Section 5321, this ground of a motion to set aside is not available to a defendant who has been held to answer before indictment. In such case, the defendant, having had an opportunity to challenge the grand jury in advance of the indictment, is deemed to have waived the illegality by failing to challenge the panel on that ground. It is clear, therefore, that, though the legislation on that subject confers the right upon the defendant to object to the panel of a grand jury if it is not selected and drawn according to the statute, yet it also recognizes the right and power of the defendant to waive the illegality. This power of waiver has been expressly upheld by us in *State v. Belvel,* 89 Iowa 405, 410; *State v. Kouhns,* 103 Iowa 720, 726. See, also, *State v. Kaufman,* 51 Iowa 578.

Appellant puts special reliance upon *State v. Russell,* 90 Iowa 569, and insists that it is on "all fours" with the case at bar. Counsel are in error in such insistence. The cited case does hold that a grand jury was not legally drawn and selected when two of its members were drawn from the same township, and that an indictment returned under it against a defendant who had no opportunity to challenge the panel of the grand jury was subject to a motion to quash, by Section 5319 of the Code. This proposition is conceded by the State in this case. Con-

cededly, the grand jury was not drawn and selected according to law, in the case at bar. The question in dispute here is, Did the defendant have the power to waive the irregularity? That question is not involved in the *Russell* case at all. No waiver was attempted or claimed in that case. The question of the power of the defendant to waive such irregularity is not an open one in this state. The point, therefore, is not well taken.

II. Further complaint is made because the court permitted the county attorney to amend the indictment by inserting one word therein. The indictment in its amended form was as follows:

"The grand jury of the county of Mills, in the name and by the authority of the state of Iowa, accuse L. A. Chrisinger of the crime of larceny, committed as follows: That said L. A. Chrisinger, the 27th day of January, in the year of our Lord 1922, in the county aforesaid, unlawfully, willfully, and feloniously *did* take, steal, and carry away five automobile casings, five tubes, five rims, one lap robe, and one set of chains, a more particular description which is unknown to this grand. jury, the property of Dale Hevern, all of the value of $125, all contrary to and in violation of law."

2. INDICTMENT AND INFORMATION: allowable amendment.

The amendment consisted of the insertion of the word "did," which we have italicized above. The contention is that the insertion of this word was a complete change of the nature and character of the indictment, and was not an amendment of the form thereof, within the meaning of the statute, Code Supplement, 1913, Section 5289. It is argued that without the insertion of such word the indictment charged no offense whatever, and that, therefore, the insertion of the word "did" was the equivalent of drawing a new indictment. The argument is strained. The omission of the word was primarily a clerical oversight. This would be obvious to any intelligent person, upon a reading of the indictment. The indictment as first drawn was not lacking in meaning, nor could any person of ordinary intelligence fail to understand what was intended to be charged by the indictment. The charge was not made in correct or grammatical English, but the real meaning thereof was not obscure. We have heretofore construed the statute under consideration,

in *State v. Foxton,* 166 Iowa 181, wherein the following language was inserted by amendment, and was by us sustained:

"By indorsing defendant's check and procuring money thereon from the State Bank of Waverly, Iowa, which was thereupon paid to the defendant."

Also, in *State v. Kiefer,* 172 Iowa 306, where much more was added by the amendment than appears herein.

III. One Bogle was examined as a witness. He also was under indictment, for receiving stolen goods. The alleged stolen property was found in his possession. He was used as a witness before the grand jury, and was called as a witness upon the trial of the case. The defendant objected to his evidence on the ground that the witness could not be required to incriminate himself. This objection was properly overruled. It did not lie in the mouth of the defendant to raise the objection for the witness. Nevertheless, the witness did thereafter claim his privilege, and refused to answer successive questions on the ground that it might incriminate him. He was instructed by the court that he could refuse to answer any question which he believed might incriminate himself. It had appeared in the record that the property alleged to have been stolen by the defendant was found in the possession of this witness Bogle. This fact was not in dispute, nor was it dependent for its proof upon the testimony of Bogle. He was asked from whom he had received the property, and in effect, whether he had received the same from the defendant: The witness claimed his privilege, and refused to answer. The court took issue with the witness, and advised him that an answer to such question would not tend to incriminate him. The court also required him to answer the question, under pain of punishment for contempt. The witness thereupon answered that he had received the property from the defendant. The defendant complains of this evidence, as having been improperly obtained. It may be a serious question whether the court did not violate the right of the witness. This question, however, would become more important upon the trial of the witness, and upon the use made or attempted to be made of the evidence thus produced. The evidence was not for that reason inadmissible as against the defendant. It may be that the

*(margin note: 3. WITNESSES: incrimination: who entitled to claim privilege.)*

method of its obtaining might be considered as affecting its credibility. That would be a matter of argument before the jury. The right of the defendant was not involved in the question of the right of the witness to protect himself against self-incrimination. This would surely be true if the witness had incriminated himself voluntarily. Even though the self-incrimination be involuntary, we see no reason for saying that any right of the defendant's was infringed thereby.

IV. It appears inferentially that the defendant himself was before the grand jury. After verdict of guilty, the defendant moved an arrest of judgment on each of the grounds considered in the foregoing divisions of this opinion, and upon the further ground that the defendant himself was a witness before the grand jury, and had been compelled to testify before it in ignorance of his constitutional rights and in violation thereof, and that no indictment could have been found against him without such testimony. While the motion recites that the defendant was subpœnaed, and compelled to testify, the record discloses no evidence or proof to that effect. Whatever the defendant's evidence was before the grand jury, no use was made of it upon the trial, nor any reference made thereto. The record does not disclose what the evidence of the defendant before the grand jury in fact was. It must be said, therefore, that this ground of the motion has no basis of fact in the record as it is presented here, and we need give no further attention to the question.

*4. WITNESSES: incrimination: insufficient record.*

We find no error in the record, and the judgment below is, accordingly, affirmed.—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.