STATE OF IOWA, Appellee, v. EARL BRUNDAGE, Appellant.

INTOXICATING LIQUORS: Bootlegging—Accomplice. A witness may
1    not be deemed an accomplice in the crime of bootlegging from the
     mere fact that, while riding with the accused, he (the witness)
     directed the driver of the vehicle to stop at a point where the ac-
     cused apparently obtained the liquor.

INDICTMENT AND INFORMATION: Allowable Amendment. An in-
2    dictment may, after the State has rested, be amended as to the
     date on which the offense is alleged to have been committed. (Sec.
     13744, Code of 1924.)

CRIMINAL LAW: Trial—Instructions—Harmless Inaccuracy. An in-
3    accuracy in the instructions as to the period of time during which
     the jury might find that the accused had committed the offense is
     quite harmless when all the evidence showed that, if the offense
     was committed, it was committed within one year prior to the filing
     of the information, and on a specified day.

Headnote 1:  16 C. J. p. 671.  Headnote 2:  31 C. J. p. 831.  Head-
note 3:  17 C. J. p. 341.

*Appeal from Linn District Court.*—JOHN T. MOFFIT, Judge.

DECEMBER 15, 1925.

THE defendant, Earl Brundage, was convicted in the court
below of the crime of bootlegging and being a persistent vio-
lator, and from a judgment sentencing him to the county jail
at hard labor for a period of six weeks, he appeals.—*Affirmed.*

*Carl F. Jordan,* for appellant.

*Ben J. Gibson,* Attorney-general, *S. S. Faville,* Assistant
Attorney-general, and *W. J. Barngrover,* County Attorney, for
appellee.

STEVENS, J.—I. An information charging appellant with
the crime of bootlegging, and also with being a persistent vio-
lator of the prohibitory liquor laws, was filed against him in the
district court of Linn County on March 16, 1925. The informa-

tion alleged that the offense was committed on or about October 23, 1925, and that appellant pleaded guilty to a similar offense in the district court of said county on October 20, 1924. After the State had introduced all of its testimony, and appellant had moved for a directed verdict, the county attorney was granted permission to amend, and amended, the information by changing the date from October 23, 1925, to October 23, 1924. The evidence upon which the conviction was found is, in substance, as follows:

Appellant and one Fred Averill were prisoners in the county jail of Linn County, and on the 23d day of October, 1924, were taken in charge by M. L. Hurley, who had been deputized by the sheriff for that purpose, to work upon the public highway. Their route took them through South Cedar Rapids. When they arrived at a point on Fifth Avenue, Hurley, at the request of Averill, stopped the truck in which they were riding, and appellant went behind some buildings, and returned to the truck. The three proceeded toward their destination, where, upon arrival, appellant took from his pocket a pint bottle of alcohol, which the three men drank. Later in the afternoon, appellant informed them that he knew where there was some more liquor, and they drove to the place indicated by him, where he produced a gallon jug of alcohol. The three men drank from the jug, and when they arrived at Marion, all of them were more or less intoxicated. Hurley took the jug, with the residue of the alcohol, with him.

It is not claimed by appellant that the evidence does not show the commission of the offense charged in the information; but it is insisted that Hurley and Averill were accomplices, and 1. INTOXICATING that a conviction could not be had upon their LIQUORS: uncorroborated testimony. The evidence fur-bootlegging: ac- complice. ther disclosed that Brundage informed Averill, before they left Marion, that he knew where he could get some liquor, and requested him to tell Hurley where to stop. No one appears to have seen the liquor on appellant's person until the trio arrived at their destination. The general rule for determining whether a witness is an accomplice or not is to determine whether he could have been indicted and convicted of the same crime. *State v. Duff*, 144 Iowa 142; *State v. Bartlett*, 128 Iowa

518; *State v. Bosworth,* 170 Iowa 329; *State v. Gates,* 197 Iowa 777.

The statute (Section 1927, Code of 1924), upon which the indictment is based, so far as material, is as follows:

"Any person who shall, by himself, or his employee, servant, or agent, for himself or any person, company, or corporation, keep or carry around on his person, or in a vehicle, or leave in a place for another to secure, any intoxicating liquor as herein defined, with intent to sell or dispose of the same by gift or otherwise, * * * shall be termed a bootlegger, and shall be fined not less than three hundred dollars nor more than one thousand dollars or be imprisoned * * *"

The liquor was procured by appellant, carried upon his person, and retained by him until the bottle was passed to his companions to drink. There is no theory upon which Averill could have been indicted and convicted of bootlegging. The most that can be said is that he assisted, to the extent of telling Hurley where to stop. He, therefore, was not an accomplice. Whether Hurley was or was not an accomplice is immaterial.

II. A motion was made, at the close of the State's case, for a directed verdict. The motion was based upon the alleged insufficiency of the testimony to convict. The evidence was competent and ample, and the motion was properly overruled.

III. Appellant objected to the county attorney's amending the indictment, to correct the error already indicated. The error was apparent and purely clerical. That it was proper,

2. INDICTMENT AND INFORMATION: allowable amendment.

under the statute and our prior decisions, is not debatable. Sections 13744 and 13654, Code of 1924; *State v. Mullen,* 151 Iowa 392; *State v. Foxton,* 166 Iowa 181; *State v. Kiefer,* 172 Iowa 306; *State v. Kappen,* 191 Iowa 19; *State v. Crisinger,* 197 Iowa 613.

IV. Error is alleged in the giving of Paragraph 6 of the court's charge to the jury. The court in this instruction stated that the burden was on the State to show that the offense was

3. CRIMINAL LAW: trial: instructions: harmless inaccuracy.

committed "within one year prior to the date of the filing of the information, to wit, October 23, 1924." The information was, in fact, filed March 16, 1925. The similar offense to which appellant pleaded guilty was committed sometime prior to Oc-

tober 20, 1924, the date on which he entered a plea of guilty. It is urged by appellant that the jury may have been misled by the instruction, and may have given weight to the plea of guilty which was admitted. All of the evidence showed that the offense charged in the information was committed October 23d. The mistake, it seems to us, could not possibly in any way have misled the jury. A correct statement of the date on which the information was filed could not have aided appellant. Furthermore, the exception to the instruction hardly raises the question argued. No proper exceptions were preserved to the remaining instructions. The error does not present a ground for reversal.

V. Appellant complains that the court did not submit his theory of the case to the jury. No request for an instruction was made, and just what appellant claims the court omitted from the charge is not clear. The only contentions made by appellant were that the witnesses were accomplices, and therefore the evidence was insufficient to convict, and that the court should not have permitted the county attorney to amend the information. These, with all matters urged, presented only questions of law, and there was nothing further for the court to submit to the jury.

VI. A motion for new trial, again raising all of the matters referred to, was filed by appellant and overruled by the court. We have said sufficient to indicate that the motion was properly overruled. Judgment affirmed.—*Affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.