STATE OF IOWA, appellee, v. JACK TIPPETT, appellant.

No. 48334.

(Reported in 60 N.W.2d 538)

October 20, 1953.

C. Glenn Garten, Xen Q. Lindel and Wm. B. Garten, all of Des Moines, for appellant.

Leo Hoegh, Attorney General, Raphael R. R. Dvorak, Assistant Attorney General, and Robert Y. Taylor, County Attorney, for appellee.

Oliver, J.—Defendant, Jack Tippett, a schoolteacher, was convicted of the crime of sodomy with Bernard Theulen, a seven-

teen-year-old boy. Theulen and two other boys, Jim Dahlke and Leonard Gibson, testified defendant had carnal copulation in his mouth with Theulen.

The boys lived in Panora. They had known defendant a short time only. One summer evening defendant happened to come upon Dahlke at a filling station. Defendant gave Dahlke a drink of whiskey and drank some himself. Then defendant took Theulen and Dahlke to Adel in his automobile to get more liquor. The liquor store had closed but defendant left the car and obtained some beer, part of which he and the boys drank on the return trip. At Panora, Leonard Gibson was picked up and defendant let Gibson drive the car to Guthrie Center. While they were driving around the principal topic of conversation was girls. Defendant told the boys "everything about sex" and of his sexual conquests and experiences with various girls and women. At Guthrie Center they talked to some girls and thought of picking them up. However, defendant appeared disinclined to do that.

After driving around in Guthrie Center they started for Perry but turned off at Springbrook State Park. At the suggestion of defendant they stopped at the picnic grounds. These were not lighted. The boys left the car and went to the toilet. When they returned Theulen and Gibson took the front seat of the car and Dahlke sat in the rear seat with defendant. They drank more beer and whiskey furnished by defendant. Then defendant committed an act of sodomy upon Dahlke. After that defendant said to Theulen, "you get back here with me." Theulen hesitated but finally did so and defendant committed with him (through defendant's mouth) the act of sodomy with which defendant was charged in the case at bar. The two other boys saw this when one of them opened the door of the car, which lighted the dome light momentarily until the door was closed by direction of defendant. Later defendant asked Gibson to get into the rear seat with him. Gibson hesitated but finally complied and defendant committed sodomy with him. The testimony of the three boys which has been paraphrased in the foregoing statement was the only evidence offered by either party.

I. Section 782.5, Code of Iowa 1950, provides: "A con-

viction cannot be had [obtained] upon the testimony of an accomplice, unless corroborated by other evidence * * *."

Defendant's principal complaint upon appeal is that the three boys were accomplices in the commission of the crime charged and that the court should have directed a verdict for defendant on that ground or should have instructed the jury it might so find. In this connection it may be noted the court did instruct the jury that if it found Theulen consented to the act complained of (upon him) then he would be an accomplice and his testimony must be corroborated to warrant a conviction. Defendant's only objection to this instruction was that it did not permit the jury to find the two other boys were accomplices.

Defendant's theory was expressed in the instruction requested by him and refused by the court, which stated:

"You are instructed that if you find that Bernard Theulen, Leonard Gibson and James Dahlke consented actually or impliedly to the act of fellatio being performed on each of them and that there was a common undertaking in the commission of the acts of sodomy, then you must find Bernard Theulen, Leonard Gibson and James Dahlke were all accomplices to the act of sodomy as charged in the indictment and then in that case the defendant cannot be found guilty."

The charge against defendant was sodomy performed on Theulen. He was not on trial for sodomy with either of the other boys. Such acts would constitute separate and different offenses for each of which defendant could be prosecuted. Hence, consent by one of the other boys to an act of sodomy upon himself by defendant would not make him an accomplice of defendant in the crime committed with the Theulen boy for which defendant was tried. Nor is there substantial evidence in the entire record that Gibson and Dahlke were accomplices of defendant in that crime. They did not encourage, aid, abet or participate in the commission of that crime. Nor does it appear they had advance knowledge of any plan defendant may have had to commit the crime.

State v. Gates, 197 Iowa 777, 781, 197 N.W. 908, 910, states: "* * * something more than mere knowledge that a crime

is contemplated or mere personal presence at the time and place where the crime is committed must be shown, to bring a person within the definition of an accomplice. State v. Bartlett, 128 Iowa 518 [105 N.W. 59]. It must be established by a preponderance of the evidence that the witness was in fact an accomplice. State v. Smith, 102 Iowa 656 [72 N.W. 279]. An accomplice has been defined as one of several concerned in a felony; an associate in a crime; one who co-operates, aids, or assists in committing it."

In State v. Ean, 90 Iowa 534, 536, 58 N.W. 898, 899, defendant, convicted of adultery, contended Oleson, another married man, who was a witness, was an accomplice. The two men together had met two women and had occupied adjoining bedrooms with them. The opinion states: "But Oleson was not an accomplice. * * * Oleson was in no way aiding or assisting defendant in the commission of the crime of adultery. Oleson may have been guilty of a crime himself, independent of defendant; but, however that may be, Oleson had no part in inducing or assisting defendant in committing the crime of adultery."

Among other decisions recognizing or applying the rule of the foregoing cases are State v. Storms, 233 Iowa 655, 657, 10 N.W.2d 53, 54; State v. Bosworth, 170 Iowa 329, 345, 152 N.W. 581.

The parties agree the general rule for determining whether a witness is an accomplice is whether he could be charged with and convicted of the specific offense. State v. Thom, 236 Iowa 129, 17 N.W.2d 96; State v. Brundage, 200 Iowa 1394, 206 N.W. 607; State v. Duff, 144 Iowa 142, 122 N.W. 829, 24 L. R. A., N. S., 625, 138 Am. St. Rep. 269. We are satisfied there is nothing in the record that would warrant the prosecution of Dahlke or Gibson as an accomplice of defendant in the act of sodomy performed on Theulen.

State v. Simpson, 243 Iowa 65, 50 N.W.2d 601, cited by defendant, held it was for the jury to decide whether the pathic was an accomplice. In the case at bar the trial court likewise submitted to the jury the question whether Theulen was an accomplice.

State v. Farris, 189 Iowa 505, 510, 178 N.W. 361, 363, cited by defendant, is not in point factually. "There was preconcerted action between them [the two pathics] before going to defendant's room; they were going [there] together for that purpose; and their claim is that defendant was to pay them money for the privilege of committing the act * * *."

We hold there was no substantial evidence tending to show Dahlke and Gibson were accomplices of defendant in the crime of which he was convicted and that the trial court correctly refused to direct a verdict for defendant or submit that matter to the jury.

II. Error is assigned to the refusal of the trial court to give the jury a special interrogatory requested by defendant, requiring the jury to find whether Theulen, Dahlke and Gibson "consented actually or impliedly to participate" in the act of defendant with each of them. The theory of the requested interrogatory was similar to that of the requested and refused instruction, that the act performed on each boy was part of the crime charged against defendant and that if each boy consented to the act being performed on him he would be an accomplice in the crime charged in the indictment.

We have already stated the act performed on each boy would be a separate crime, and consent by each of the other boys to the act upon himself would not make such boy an accomplice in the act upon Theulen. And we have already held there was no substantial evidence Dahlke and Gibson were accomplices of defendant in the crime of which defendant was convicted and that the trial court properly refused to submit any such question to the jury. Hence, the refusal of the requested special interrogatory was not error. State v. Johnson, 215 Iowa 483, 490, 245 N.W. 728.—Affirmed.

All JUSTICES concur.