Argued April 5, affirmed May 10, petition for rehearing
denied June 27, 1967

## STATE OF OREGON, *Respondent, v.* PAUL ZENUS DOSTER, *Appellant.*

427 P. 2d 413

*George A. Haslett, Jr.,* Portland, argued the cause and filed the brief for appellant.

*Jacob B. Tanzer,* Deputy District Attorney, Portland, argued the cause for respondent. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before O'CONNELL, Presiding Justice, and GOODWIN and FORT, Justices.

FORT, J. (Pro Tempore).

The indictment charges the defendant "* * * did unlawfully and feloniously receive and conceal certain stolen property, to-wit, two outboard motors, the personal property of Oregon City Marina, Inc., a cor-

poration, the said PAUL ZENUS DOSTER having good reason to believe that the said personal property had theretofore been stolen, * * *." Testimony, if believed, established that two men, Bowers and Weissenbuehler, broke and entered the Marina and stole two outboard motors early in the morning. Later that day they phoned defendant and told him they had stolen two outboard motors, and wanted the defendant to see if he could find a buyer for the property. The two thieves testified that they consulted with the defendant prior to the crime, and that he had agreed to undertake to find a buyer for the stolen property. That same afternoon defendant contacted a commercial fisherman whom he knew named Lauritzen, and told him that there were two motors for sale at a very reasonable price which had been obtained by a friend of his in lieu of wages from a bankrupt firm. Defendant was employed as a bartender at a tavern near Portland and he arranged for the property to be brought to the tavern by one of the thieves, and for the prospective purchaser to see the motors there. Mr. Lauritzen agreed to buy them. The motors were then transferred from the car of one of the thieves to Lauritzen's. One of the two motors was very heavy and the defendant assisted in carrying that motor from the thieves' car to the buyer's.

The purchase price of $250 was paid by Lauritzen to Bowers at that time. After the purchaser left with the motors, Bowers paid the defendant $25 for arranging the sale.

The defendant testified he had known Bowers since they had been inmates together at the Oregon State Penitentiary, and that following defendant's release therefrom, Bowers frequently dropped in at the tavern.

Defendant also testified he knew at the time of the transaction Bowers needed money to take him to Salt Lake City where he was to be tried for robbery. Defendant moved for judgment of acquittal, both at the conclusion of the state's case and when both sides had rested. The motion was denied. The defendant assigns this ruling as error "* * * since there was no evidence that the defendant was ever in possession of stolen property or that he knew that the motors were stolen."

As was true in *State v. Harris,* decided April 26, 1967, 246 Or 617, 427 P2d 107, this case, too, involves problems arising out of Oregon's outdated criminal statutes. ORS 165.045 was contained in the 1864 Code of Mathew Deady. It has never been amended, and provides:

> "Any person who buys, receives, or conceals or attempts to conceal any stolen money or property, knowing or having good reason to believe that it was stolen, shall be punished upon conviction by imprisonment in the penitentiary for not more than five years, or by imprisonment in the county jail not less than three months nor more than one year, or by a fine of not less than $50 nor more than $500."

In the general laws relating to theft the last to develop were those concerning the receipt of stolen property.[1] Its origins stem from medieval England and are rooted in the common law crime of larceny. No separate crime or crimes such as is embraced in our statute then existed. The social problems inherent in the buying, receiving or concealing of stolen property were dealt with entirely within the framework of

---

[1] Hall, Theft, Law and Society (2d ed) 52.

the theory of an accessory after the fact to the crime of larceny. This concept dominated the law well through the Eighteenth Century. The early American law followed the English precedents, both case and statute, and well through the first half of the Nineteenth Century we "* * * were following the English statutes and decisions almost to the letter."[2]

As recently as 1807 in Massachusetts it was held in *Commonwealth v. Andrews* in a prosecution for receiving stolen property from another thief that the defendant could not be charged unless the thief had been previously convicted or outlawed. Even if the accessory requested that he be tried first, upon conviction, judgment against him must be suspended until the thief had been convicted.[3]

Finally in 1827 in England the crime itself was made a felony[4]—but "* * * only where the prior crime is felony, and misdemeanor when the prior crime is misdemeanor."[5] Thus if the larceny were petty, the receiving was also.[6] Then, as today in Oregon,[7] one could not be an accessory after the fact to a misdemeanor.

■ The Oregon statute adopted in 1864[8] speaks from that background. Because one cannot be an accessory after the fact to a crime which one has himself committed, we have held that a thief cannot be convicted of receiving property which he himself stole. He

---

[2] Hall, op cit supra, 62.

[3] Commonwealth v. Andrews, 3 Tyng 126 (Mass 1807).

[4] 7 and 8, Geo IV, ch 29 (1827).

[5] Hall, op cit supra, 56.

[6] 4 Blackstone Commentaries 36.

[7] ORS 161.210(2); 161.230.

[8] Deady's General Laws of Oregon 1864, ch 44, § 556, p 538, now ORS 165.045.

can, however, be convicted of concealing it. We so held in *State v. Carlton,* 233 Or 296, 378 P2d 557 (1963).[9]

In this case the crucial question is whether or not the actions of the defendant are such that it can be said that he "concealed" the motors within the meaning of ORS 165.045.

> "Concealment of stolen goods does not require actual hiding or secreting; any acts rendering their discovery difficult and preventing identification, or assisting the thief in converting them to his own use, are sufficient." 76 CJS 10, Receiving Stolen Goods, § 7.

45 Am Jur 386, Receiving Stolen Property, § 3, states:

> "* * * the word 'conceal' as used in such a statute is not to be given its literal meaning of hiding or secreting, but includes any acts or conduct which assists the thief in converting the property to his own use, or which may prevent or render more difficult its discovery by the owner. * * *"

■ There was substantial evidence here from which the jury could find that the defendant with knowledge that the motors had been stolen, found a buyer for them, arranged and was present during at least a portion of a meeting between the buyer and the thief, physically participated in the transfer of one motor from the thief's car to the buyer's car, and immediately thereafter received $25 from the thief for his services. We think such activity falls within the prohibited area of concealing under ORS 165.045.[10]

[9] Further evidence of the problems resulting from the accessory after the fact history of the present statute is found in the cases which have considered whether or not the receiver of stolen property is an accomplice of the thief within the rule requiring corroboration of accomplice testimony, and the giving of a cautionary instruction. See 53 ALR2d 817-846.

[10] State v. Pomeroy, 30 Or 16, 46 P 797 (1896); State v. Carlton, supra.

██ Defendant next contends he cannot be convicted because he did not have possession of the stolen property. As we have pointed out there was substantial evidence to warrant the jury in finding that the defendant was guilty under ORS 165.045 of concealing the outboard motors. The crime of concealing stolen property differs in certain important particulars from that of receiving stolen goods.[①] Here no motion was made nor any instruction requested to take away from the jury the charge of receiving stolen property as distinguished from that of concealing it. Defendant's motion only was for judgment of acquittal. It was properly denied.

It is therefore unnecessary to decide whether, since the offense of receiving stolen property differs from that of concealing it, an element of possession of the stolen property by a defendant must be shown when the offense charged is receipt of stolen property, which is not required when the offense charged is that of concealing it.

██ Finally defendant asserts that the essential element of guilty knowledge[②] is established here only through testimony of the accomplices and thus is insufficient to sustain a conviction under ORS 136.550. That statute provides:

"A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence *that tends to connect the defendant with the commission of the crime.* The corroboration

---

[①] State v. Carlton, supra. See also 76 CJS 10, Receiving Stolen Property, § 7:

"The crime of concealing or aiding in concealing stolen property is an offense distinct from that of receiving stolen goods; * * * *."

[②] State v. Long, 243 Or 561, 415 P2d 171 (1966).

is not sufficient if it merely shows the commission of the crime or the circumstances of the commission." (Emphasis supplied.)

The defendant apparently would have us construe the statute to require corroborating evidence independent of the testimony of an accomplice with respect to every material fact necessary to be established to sustain a conviction for the commission of a crime. Such is not the law.

■■ In *State v. Brake,* 99 Or 310, 195 P 583 (1921), we stated at page 313:

"* * * It is not necessary that there shall be corroborating evidence concerning every material fact as to which the accomplice testified, and it is not necessary that the whole case shall be proved outside the testimony of the accomplice; for, if the statute contained such a requirement, accomplice testimony could never avail anything except as cumulative evidence. * * *"

We have held, for example, that association with the accomplices at pertinent times and places itself may be sufficient corroboration.[9] At the request of a friend the defendant found a buyer for property, which to his knowledge was offered for sale at a greatly reduced price. He arranged for the buyer and the thief to meet at defendant's place of employment the day of the theft. He introduced the thief to the buyer. He was present at and physically assisted in the delivery of the stolen property to the buyer. All of the foregoing was established during the state's case in chief independently from the evidence of the "accomplices." We

[9] State v. Caldwell, 241 Or 355, 405 P2d 847 (1965); State v. Clipston, 237 Or 634, 392 P2d 772 (1964); State v. Cain, 231 Or 616, 621, 373 P2d 1004 (1962).

think this was sufficient corroboration of the testimony of the accomplices to warrant submission of the cause to the jury. Its weight was for the jury—as was the testimony of Bowers and Weissenbuhler.

The judgment is affirmed.