STATE of Iowa, Appellee,

v.

Harry UPTON, Appellant.

No. 53382.

Supreme Court of Iowa.

May 6, 1969.

Dull & Keith, Ottumwa, for appellant.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and Lake E. Crookham, Mahaska County Atty., for appellee.

LeGRAND, Justice.

This is an appeal from judgment following conviction of the crime of receiving stolen property in violation of section 712.-1, Code of Iowa.

Defendant alleges five separate errors in asking us to reverse his conviction. They are:

(1) That the trial court erred in admitting into evidence two checks given by defendant to one Maurice Crowe;

(2) That the trial court erred in giving Instruction 9 defining one of the elements essential to defendant's conviction;

(3) That the county attorney was guilty of prejudicial misconduct in his closing argument to the jury;

(4) That the trial court erred in refusing to have certain evidence read to the jury during the course of their deliberations; and

(5) That the trial court erred in failing to instruct, upon defendant's request, on the necessity of corroboration of the testimony of Maurice Crowe, as required by section 782.5, Code of Iowa.

The facts stated briefly and in their form most favorable to the State are as follows: Defendant importuned Maurice Crowe to steal 12 bushels of seed corn from his employer, the McCurdy Seed Company, upon the representation that he would then purchase the seed corn from the thief. The corn is valued at approximately $26.00 per bushel. Crowe, pursuant to such arrangement, put 12 bushels of his employer's corn on his truck, drove to an unused farm building on land owned by defendant and his brother, and placed the seed corn there. He says this was by prearrangement with defendant. Later a quantity of seed corn was found in this building by investigating authorities. It

was never identified as the corn which Crowe had stolen, but it was corn owned by McCurdy Seed Company and to which defendant laid no claim of ownership.

Sometime after the alleged theft defendant gave Crowe two checks, each in the amount of $50.00, which Crowe says were in payment for the corn. Defendant states he gave them to Crowe by way of a loan.

Although there is other evidence, this matter ultimately resolved itself into a credibility match between Crowe and defendant. The evidence is conclusive that one or the other committed repeated perjury.

Section 712.1, Code of Iowa, provides in pertinent part as follows:

"If any person buy, receive, or aid in concealing any * * * property the stealing of which is larceny * * * knowing the same to have been so obtained, he shall, * * * be imprisoned in the penitentiary not more than five years, or be fined not exceeding five hundred dollars and imprisoned in the county jail not more than one year * * *"

Since the determination of this appeal depends upon the particular wording of the above statute and the particular phrasing of the indictment, we set out the important part of the indictment. It charged defendant with the crime of receiving stolen property in that "the said Harry Upton in the county and state aforesaid did on the 12th day of February, 1968, aid in concealing stolen property known to him to have been so obtained and of the value in excess of $20.00." We have said several times section 712.1 defines a single offense which may be committed in any one of three separate ways—by *buying* stolen property, by *receiving* stolen property, or by *aiding in concealing* stolen property.

■ This section, and the problems it presents, are fully considered in State v. Hochmuth, 256 Iowa 442, 127 N.W.2d 658, and citations. We there reiterated that an indictment need not set out the particular

method in which the crime was committed —and even suggested that perhaps it was better *not to do so*—but we also held if the State undertakes to set out the particular manner in which the defendant is accused, guilt must be established substantially as alleged.

For our purposes here therefore we disregard the provisions of section 712.1 pertaining to either buying or receiving stolen property and confine our discussion to the particular charge that defendant aided in concealing stolen property.

I. Because it is determinative of this case we consider first the defendant's last assignment of error: failure of the trial court to instruct, after his request that such an instruction be given, on the necessity of corroboration of the testimony of Maurice Crowe, who defendant says was his accomplice if any crime was committed.

■ Under the record we find Crowe was defendant's accomplice and defendant was entitled to an instruction on the necessity of corroborating his testimony before a conviction could be had. The trial court refused defendant's request on the authority of our previous decisions holding a thief is not an accomplice of the person who later receives the stolen property from him. We have so held on a number of occasions. See State v. Scott, 136 Iowa 152, 155, 113 N.W. 758, 759; State v. Smith, 248 Iowa 603, 607, 81 N.W.2d 657, 659, and citations.

These cases, however, and also others we have discovered dealing with this matter, are concerned with situations in which there has either been a *buying* of the property or a *reception* of it. No case has been called to our attention which holds the thief is not an accomplice when he aids another in concealing stolen property.

■ It is quite obvious a thief cannot buy property from himself, nor can he receive it from himself, but he can conceal it or aid in doing so. This distinction has been made throughout the cases dealing with this section. It is suggested in State

v. Boyd, 195 Iowa 1091, 1096, 191 N.W. 84, 87, 88, and is fully discussed in State v. Davis, 212 Iowa 582, 587, 234 N.W. 858, 860, 861. There we said, "This position [that the thief may not be guilty of the offense of receiving property which he has stolen] is fortified to some extent by the argument that the thief cannot be guilty of *buying stolen property from himself* or of receiving stolen property from himself. No case is cited to us wherein it has been held that the thief may not be guilty of *concealing* property as an independent act after the larceny by himself."

This same distinction has been noted by other courts. In State v. Doster, 247 Or. 336, 427 P.2d 413, 415, in a prosecution under a statute similar to ours, the court said, "Because one cannot be an accessory after the fact to a crime which one has himself committed, we have held that a thief cannot be convicted of receiving property which he himself stole. He can, however, be convicted of concealing it."

The State chose the charge. It need not have accused the defendant in specific terms, but having done so it is limited to proving guilt under rules applicable to the crime as it is alleged to have been committed. State v. Hochmuth, supra.

█ The test for determining when a person is an accomplice is usually whether he could be prosecuted for the same crime himself. State v. Myers, 207 Iowa 555, 556, 223 N.W. 166; State v. Brundage, 200 Iowa 1394, 1395, 206 N.W. 607, 608; State v. Anderson, 240 Iowa 1090, 1093, 38 N.W.2d 662, 664; State v. Tippett, 244 Iowa 1350, 1354, 60 N.W.2d 538, 540. From what we have already said it is apparent Crowe could have been prosecuted for the crime of aiding in concealing stolen property if the State had elected to bring that charge against him. The fact that he had earlier stolen the property would be no bar to such a prosecution.

Section 782.5, Code of Iowa, provides: "A conviction cannot be had upon the testimony of an accomplice, unless corrobo-

rated by other evidence which shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

In the instant case the very language of the indictment presupposes several persons collaborated in the offense. It asserts the defendant aided in the concealment of property. If one "aids" it is necessary that there be someone else who is assisted. Here that person was Maurice Crowe. There is no evidence, nor is there any claim, to the contrary. Black's Law Dictionary, Revised Fourth Ed., defines "aid" as "to support, help, assist or strengthen; act in cooperation with; supplement the efforts of others." The Random House Dictionary (1966 Ed.) partially defines "aid" as "to promote the progress or accomplishment of" and it defines one who aids as "one who or that which aids or furnishes assistance."

We find no conflict between what we say here and our previous announcements in State v. Scott, supra, State v. Smith, supra, and other similar decisions. None of these faced the factual situation which confronts us here. All were limited to cases in which the charge was based upon a purchase of stolen property or a mere reception of it. In fact the language of those decisions lends support to our conclusion here. They all emphasize that section 712.1 defines a separate and distinct crime and that it has no relation to the theft of the property in the first place. Since this is true, there is no reason, either in law or in logic, why one who has stolen the property on some earlier occasion may not later be guilty of the separate and distinct crime of concealing that same property. The very fact that the offenses are separate and distinct makes this possible.

Furthermore in two earlier cases involving what is now section 712.1, where the offense was alleged to have been committed by aiding in concealing the property, we have used language clearly indicating

the thief, under those circumstances, can indeed be an accomplice of a defendant charged with violating that statute. Upton v. State, 5 Iowa 465, 468; State v. Davis, 212 Iowa 582, 587–590, 234 N.W. 858, 860, 861.

Under the record before us we hold it was reversible error to refuse an instruction that the jury must find corroboration for the testimony of Maurice Crowe before defendant could be convicted. State v. Anderson, 240 Iowa 1090, 1098, 38 N.W.2d 662, 665, 666, and citations.

■ Defendant also alleges, however, several other matters in connection with corroboration that are certain to arise upon a retrial of this case. One is that the record is entirely lacking in evidence which would amount to corroboration. We do not agree with this argument.

The rules governing the submission of the issue of corroboration are fully set out in State v. Fletcher, 246 Iowa 452, 68 N.W.2d 99, 103; State v. Gill, Iowa, 154 N.W.2d 722, 725; State v. Neely, Iowa, 156 N.W.2d 840, 844; State v. Weaver, 259 Iowa 1369, 1373, 147 N.W.2d 47, 49, 50.

Here stolen corn, although its identification is far from conclusive, was found in defendant's abandoned barn. His evidence shows the corn did not belong to him. The jury could have found it was the corn stolen from McCurdy Seed Company. There is also evidence of the two checks which defendant gave Crowe at about the time of the alleged offense. There is dispute as to the purpose for which the checks were given, but they are themselves some corroborating evidence for Crowe's version. We discuss the admissibility of these checks later. We need not go into more detail. We find there was enough to make this a jury issue under proper instruction on corporation.

■ ■ Defendant also alleges the evidence does not show concealment of the property in question. His argument is that to conceal means to secrete the property in such a manner that casual observation of the premises would not disclose its presence. We do not agree with this interpretation. In 76 C.J.S. Receiving Stolen Goods § 7, page 10, we find this, "Concealment of stolen goods does not require actual hiding or secreting; any acts rendering their discovery difficult and preventing identification, or assisting the thief in converting them to his own use, are sufficient." In 45 Am.Jur., Receiving Stolen Property, section 3, page 386, it is said, "There is authority for the view that the word 'conceal', as used in such a statute, is not to be given its literal meaning of hiding or secreting, but includes any acts or conduct which assist the thief in converting the property to his own use, or which may prevent or render more difficult its discovery by the owner." See also State v. Doster, 247 Or. 336, 427 P.2d 413, 415. We hold there was ample evidence here to show a concealment within the meaning of section 712.1.

II. The conclusion reached in Division I makes it unnecessary to consider the assignments of error dealing with the alleged misconduct of the county attorney or the refusal of the trial court to have portions of the testimony read to the jury when request to do so was made. Neither situation is likely to recur.

However, there are several questions raised by defendant which deserve further attention because they are certain to come up again on retrial of the case.

■ Defendant asserts the two checks he delivered to Crowe were improperly admitted in evidence for two reasons—first, because they were obtained by way of illegal search and seizure, and, second, while they might be material to show a purchase, they had no bearing on the issue of concealing stolen property.

We find no merit in either objection. The checks were voluntarily delivered by the drawee banks to the sheriff. There was neither a search nor a seizure. Whether this was, as defendant claims, a

violation of the bank's obligation to him, we are not called upon to say. Even if it were, no constitutional question concerning the admissibility of such evidence would be presented.

We also rule against defendant as to the materiality of these exhibits. They were important on the issue of corroboration and were admissible for that purpose at least.

III. Defendant also insists Instruction 9 on the question of his knowledge the property was stolen contains reversible error.

■ We consider this assignment only because there is to be a new trial. Defendant specifically approved this instruction before it was read to the jury and thereby waived his right to object to it on appeal. State v. Hagen, 258 Iowa 196, 203, 137 N.W.2d 895, 899.

The complaint raised is that the instruction *assumes* the defendant concealed the property. The portion to which defendant takes exception advised the jury it must find "beyond a reasonable doubt, that the defendant had knowledge it [the property] was stolen *when he aided in its conceal-ment.*" (Emphasis supplied)

Defendant argues this tells the jury defendant *did* aid in concealing the property and it need only find beyond a reasonable doubt he knew it was stolen when he did so.

■ We do not believe the instruction is fairly open to that objection. The instructions, of course, must be considered in their entirety. State v. Stout, 247 Iowa 453, 455, 74 N.W.2d 208, 209, and citations. In at least three places throughout the instructions the jury was told the duty of the State to prove all elements necessary to a finding of guilt beyond a reasonable doubt.

When this instruction is read as a whole and is related to the other instructions, we find no possibility the jury could have been misled. Defendant is being hypercritical, and we find no merit in his objection.

For the reasons stated in Division I this case is reversed and remanded for a new trial.

Reversed and remanded.

All Justices concur, except RAWLINGS, J., who concurs in the result.