91 N.J. Super. 299 (1966)
220 A.2d 116
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
NICHOLAS PERSIANO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 16, 1966.
Decided May 27, 1966.
*300 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Ralph J. Kmiec argued the cause for appellant (Mr. Angelo D. Malandra, attorney).
Mr. Rudolph J. Rossetti, Assistant Prosecutor, argued the cause for respondent (Mr. Norman Heine, Camden County Prosecutor, attorney; Mr. Anthony M. Bezich, Assistant Prosecutor, on the brief).
PER CURIAM.
We find without merit defendant's contentions that there was error in denial of a new trial on the ground the verdict was against the weight of the evidence; that the court erred in allowing the prosecutor to elicit evidence of previous crimes, and that the prosecutor improperly characterized the defense as a "smoke screen."
*301 However, we do find error in the prosecutor's reference in summation to the fact that there was no defense. We deem this a clear reminder to the jury that defendant had failed to take the stand in his own defense and thus a violation of defendant's privilege against self-incrimination, within Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), recognized in New Jersey as authoritative in State v. Lanzo, 44 N.J. 560 (1965).
The charges here were breaking and entering with intent to commit larceny, and conspiracy. The gist of the prosecution case was testimony by two young men that defendant had conspired with them to arrange and finance an effort by them to break into a store from the roof, that the young men did so break in and were caught in the attempt. Defendant did not take the stand in his defense and offered no defense witnesses.
Among other things, the prosecutor in summation said: "It is a very simple issue here  one way. Normally, we have two sides to a story. Here, we have one side. There is no defense." At the end of the summation defense counsel stated his objection to these comments, asking either for a mistrial or in the alternative "for some form of cautionary instruction to disregard the prosecutor's remarks in that particular regard." The court declined to do so, saying: "The court feels that it was fair comment."
The State argues that it was not by the comments mentioned adverting to the failure of the defendant to testify in his defense but was merely responding to the defendant's summation. However, that summation consisted, purely and simply, of an attack upon the credibility of the two confessed would-be thieves. The clearly inferable import of the prosecutor's comment was, we think, that it was not enough for defendant to impugn the credibility of State's witnesses without himself going on the stand to deny his complicity. This was undoubtedly the impression the jury would derive from such comments. See State v. Lanzo, supra, (at p. 563).
In our view, the substance of what was held constitutionally fatal in Griffin, supra, was encompassed by the prosecutor's *302 comment here. See Desmond v. United States, 345 F.2d 225 (1 Cir. 1965); Barnes v. United States, 8 F.2d 832 (8 Cir. 1925). The present is not a case in which the prosecutor's comment can be fairly understood as an animaadversion solely on the failure of the defense to offer the testimony of persons other than defendant himself, and the State does not so argue on this appeal.
Reversed.