96 N.J. Super. 582 (1967)
233 A.2d 677
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT
v.
ELAH C. McELROY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1967.
Decided September 21, 1967.
*583 Before Judges CONFORD, COLLESTER and LABRECQUE.
*584 Mr. Eugene I. Osterweil, assigned counsel, argued the cause for appellant.
Mr. Barry H. Evenchick, Assistant Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, County Prosecutor, attorney).
The opinion of the court was delivered by COLLESTER, J.A.D.
Defendant appeals from his conviction of the crime of armed robbery.
A brief statement of the facts will suffice. On the evening of June 12, 1964, while walking on Bergen Street near the corner of Mapes Avenue in Newark, Carol Hunt was assaulted and robbed by a man armed with a knife. He took her pocketbook containing $10 and ran down Mapes Avenue. She identified defendant as her assailant at the trial. Two women who lived on Mapes Avenue heard screams coming from the direction of Bergen Street and observed a man carrying a pocketbook running towards them. After removing something from the pocketbook he threw it in the street and thereafter turned into a driveway or alley. They identified defendant as the man they saw, both to the police and at the trial. Defendant did not take the stand or call any witnesses on his own behalf.
The primary ground urged for reversal is that the prosecutor made an improper comment in his summation to the jury which violated defendant's privilege against self-incrimination. The record reveals the following:
Prosecutor: "* * * We have the testimony of these two people who come into this courtroom and testify under oath that he is the man, that that man sitting there is the man that was running from the scene. Do you have any doubt in your mind about this testimony? There hasn't been one scintilla of evidence on behalf of the defendant to contradict anything you have heard in the testimony.
Mr. Accardi (defense counsel): "Counsel, we are getting a bit close to the area "
The Court: "Yes."
Prosecutor: "All you have here to consider is the testimony of the witnesses that you have heard and it is for you to consider whether *585 this testimony will be consistent with the testimony that you may hear under similar circumstances. * * *" (Italics ours)
The inference to be drawn by the jury from the prosecutor's statement was that defendant had failed to take the stand because he could not refute the inculpatory testimony. This clearly violated defendant's Fifth Amendment right to remain silent. See Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); State v. Lanzo, 44 N.J. 560, 563 (1965); State v. Sinclair, 49 N.J. 525, 548-549 (1967), and State v. Persiano, 91 N.J. Super. 299 (App. Div. 1966). The State concedes that the prosecutor's comment was proscribed by the above-cited decisions.
The State does not argue that the absence of a more specific objection by defendant bars his raising the constitutional point. Nor could it. The case was tried before the decision in Griffin v. State of California, supra. Although the trial took place shortly after the decision in Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964), which foreshadowed the Griffin rule, we cannot say that the right was so plain at that time as to have required a more specific objection than was here begun by defendant before he was cut off by the concurrent of the trial judge. We conclude the point is tenable on this point. See also State v. Murphy, 85 N.J. Super. 391 (App. Div. 1964), affirmed o.b. 45 N.J. 36 (1965).
The State argues that the evidence clearly demonstrates defendant's guilt and that the comment was harmless error, citing Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. We believe the State's reliance on Chapman is misplaced. In that case the court held that before an error involving the denial of a federal constitutional right can be held harmless, the reviewing court must be satisfied beyond a reasonable doubt that the error did not contribute to defendant's conviction.
*586 Here, the issue of identification of defendant as the person who committed the robbery was of paramount importance. The facts presented indicate that only he could deny the evidence relating to his identification which had been given by the State's witnesses. The prosecutor's statement that not a scintilla of evidence had been offered on behalf of defendant to contradict those witnesses could have had a substantial impact on the jury's determination. We cannot say that we are satisfied beyond a reasonable doubt that it did not contribute to defendant's conviction.
The judgment of conviction is reversed, and the case is remanded for a new trial.