100 N.J. Super. 420 (1968)
242 A.2d 49
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
STANLEY SMITH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 20, 1967.
Decided April 19, 1968.
*421 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Harry A. Goldenberg argued the cause for appellant (Mr. H. Albert Hyett, on the brief).
Mr. Solomon Forman, Assistant Prosecutor, argued the cause for respondent (Mr. Ernest H. Curtis, Assistant Prosecutor, on the brief; Mr. Robert N. McAllister, Jr., County Prosecutor, attorney).
The opinion of the court was delivered by COLLESTER, J.A.D.
Defendant appeals from his conviction by a jury finding him guilty of the crimes of atrocious assault and battery (N.J.S. 2A:90-1) and assault with a dangerous weapon (N.J.S. 2A:90-3).
The incident which brought about defendant's arrest and subsequent conviction arose from an altercation between defendant and one Eddie Still. Cleveland Rooks, the victim, was the only witness called by the State who could describe what had transpired. Rooks testified that on the morning of December 19, 1965 he had breakfast in an Atlantic City restaurant with his father, brother and Eddie Still. While they were in the restaurant Still became involved in an argument with the defendant and slapped his face. Still and *422 defendant then went outside and engaged in "body punching." When they returned to the restaurant the argument continued until defendant finally left. When Rooks subsequently went outside of the restaurant he saw Still hiding behind a parked car and defendant standing nearby holding a rifle which was pointed towards the ground. He heard defendant ask Still why he had slapped him in the face. Rooks, who was behind defendant grabbed him and tried to take the rifle away. During the scuffle for possession the rifle was discharged and Rooks sustained a bullet wound in his shoulder. Rooks testified that he had had no prior trouble with defendant and had not been threatened by him.
Defendant does not contend that the verdict of the jury was contrary to the weight of the evidence. He urges two grounds for reversal, namely, (1) the court erred in refusing to charge the jury that his failure to testify did not create any presumption of guilt, and (2) the court committed plain error by indirectly referring in its charge to defendant's failure to testify.

I
The request to charge submitted by defendant which the court refused to charge on the ground that it was improper was as follows:
"The defendant has a constitutional right not to testify if he so desires and the fact that he has not taken the witness stand [and] has exercised his constitutional right to refuse to testify as a witness in this case does not create any presumption against him. That is, the failure of the defendant Stanley Smith to take the stand and testify on his own behalf creates no presumption of guilt against him and you are not to draw any inference whatsoever that the accused is guilty merely by reason of the fact that he has failed to testify as a witness in his own behalf."
Defendant alleges that the court's refusal to so instruct the jury constituted prejudicial error requiring a reversal of the convictions. He contends that since the United States Supreme Court held in Griffin v. State of California, *423 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), that the guaranty against self-incrimination of the Fifth Amendment, made applicable to state prosecutions under the Fourteenth Amendment, forbids comment by the prosecution or instructions by the court that a defendant's failure to testify is evidence of guilt, he was entitled to an affirmative charge that the jury should indulge in no adverse presumption or inference from his failure to testify in his own behalf. He alleges that unless the jury was so instructed it would, of necessity, infer guilt from his failure to take the stand.
The precise question of whether a defendant in a state prosecution is entitled to have the jury so instructed when he requests it has not previously been dealt with by the United States Supreme Court or determined by any of the appellate courts of our State.
In Griffin the court expressly reserved decision on the question of whether the accused could require that the jury be instructed that his silence must be disregarded. 380 U.S. at p. 616, fn. 6, 85 S.Ct. 1229. Since that decision courts in Ohio and Nevada have held that Griffin does not require that comparable cautionary instructions be given when requested. See State v. Senzarino, Ohio Com. Pl., 224 N.E.2d 389, 390 Ohio Ap.2d 383 (C.P. 1967) and McNeeley v. State, 81 Nev. 663, 409 P.2d 135 (Sup. Ct. 1965). Iowa has indicated a contrary view. State v. Osborne, 258 Iowa 390, 139 N.W.2d 177, 179 (Sup. Ct. 1965).
In our State the Supreme Court has held in State v. Aviles, 49 N.J. 192 (1967), that when defendant did not request such a charge it was not plain error for the trial court not to give it, sua sponte. However, dictum in State v. DeStasio, 49 N.J. 247, 252 (1967), inferentially suggests that when a request for a cautionary instruction is made it should be given to the jury.
In Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 (1939), the court held that a defendant in a federal prosecution had an indefeasible right to have the jury instructed that his failure to testify did not create any *424 presumption against him. The court's decision was grounded upon a federal statute enacted in 1878, 28 U.S.C.A. § 632 (now 18 U.S.C.A. § 3481) which freed an accused in a federal court from his common law disability as a witness and also provided that the failure of an accused to exercise his right to testify "shall not create any presumption against him."
While the Bruno decision was based on the statutory mandate that no adverse presumption could be drawn from a defendant's failure to testify, it seems clear that the statute created no new right on behalf of an accused (other than his right to testify) and that it was merely declarative of an accused's privilege against self-incrimination guaranteed under the Fifth Amendment. It seems to us that the rationale of the Bruno decision is equally pertinent to state criminal prosecutions now that the Fifth Amendment guaranty against self-incrimination has been held applicable thereto.
Moreover, the underlying principle of Griffin v. California, supra, as we see it, is that no adverse inferences should be drawn by a jury when a defendant exercises his constitutional right not to testify. The value of the constitutional privilege to remain silent would be largely destroyed if a defendant could be penalized for relying upon it. Accordingly, the logical extension of this principle is that when a defendant requests that the jury be instructed that his failure to testify creates no presumption of guilt he is entitled to that instruction.
While it may be argued that a defendant who fails to take the stand benefits by not having the attention of the jury directed to that fact by such instruction, it may with equal logic be argued that the jury is not likely to overlook defendant's failure to testify even if the court is silent on the subject, and may very well draw adverse inferences if not instructed to the contrary. We therefore think that, however difficult it may be for a defendant to exercise enlightened self-interest in the matter, he should be allowed to make his own choice as to whether or not the instruction should *425 be given. Bruno v. United States, supra, 308 U.S. at p. 294, 60 S.Ct. 198.
We thus hold that the trial court's refusal to charge the jury substantially to the effect of defendant's request was prejudicial error requiring reversal.

II
Because this case must be retried we deem it appropriate to consider the other point claimed by defendant to be reversible error as it might recur on the retrial. Defendant contends that his Fifth Amendment privilege against self-incrimination was violated when the court charged the jury as follows:
"Now you have noticed the different witnesses who have appeared. You have noted and observed their attitude that they took on the witness stand and you noted the readiness with which they responded to the questions put to them. You will ask yourself how they impressed you and what particular motives did they have to testify as they did. You noted the attitude of all these people.
You may consider that there is no person in the entire world more interested in the outcome of this case than the defendant and you may take that into consideration in arriving at your verdict." (Emphasis ours)
Defendant claims that the court's reference to the testimony given by the State's witnesses followed by the reference to defendant's interest in the outcome of the case was tantamount to an adverse comment on his failure to testify in his own defense. While no objection was made by defendant's trial attorney to that part of the charge, defendant argues that it constituted plain error because it affected his substantial rights. R.R. 1:5-1(a).
As we have previously indicated, it is now well settled that a comment by the trial court or a prosecutor concerning a defendant's failure to testify violates his Fifth Amendment privilege against self-incrimination. Griffin v. California, supra; State v. Lanzo, 44 N.J. 560 (1965). Most of the cases which have reversed convictions because of such *426 adverse comments have involved direct and express instructions that defendant's failure to testify raises an inference either of guilt or of inability to controvert incriminating evidence offered by the State. See State v. Aviles, supra, 45 N.J. 152 (1965); State v. Davis, 45 N.J. 195, 197 (1965); State v. Wade, 89 N.J. Super. 139, 142 (App. Div. 1965). However, we have also held that such comment constitutes reversible error when it indirectly alludes to a defendant's election not to testify. State v. McElroy, 96 N.J. Super. 582 (App. Div. 1967). See also State v. Sinclair, 49 N.J. 525, 548-49 (1967); State v. Persiano, 91 N.J. Super. 299, 301-02 (App. Div. 1966); Desmond v. United States, 345 F.2d 225, 226-227 (1 Cir. 1965); State v. Acosta, 101 Ariz. 127, 416 P.2d 560 (Sup. Ct. 1966); Martinez v. People, 425 P.2d 299, 302 (Colo. Sup. Ct. 1967).
When a defendant takes the stand in a criminal prosecution the credibility of his testimony becomes an issue in the case and the court may properly charge the jury that in determining that issue it can consider defendant's interest in the outcome of the trial.
However, here defendant did not testify or call any witnesses in his behalf. The only witnesses who testified were produced by the State. The court's reference to the readiness of the State's witnesses to testify was followed immediately by the instruction that the jury could consider the fact that there was no person more interested in the outcome of the case than defendant. In our opinion there was a strong likelihood that such instruction directed the attention of the jury, in a manner adverse to defendant, to his failure to testify in his own behalf. This clearly violated defendant's Fifth Amendment rights, within the cases cited above. Cf. Davis v. United States, 357 F.2d 438 (5 Cir. 1966).
The State argues that if the court's comment was improper it was harmless error. In Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), the court held that (1) federal law rather than state law is *427 applicable in determining whether the right of an accused to remain silent under his Fifth Amendment privilege constitutes harmless error, and (2) before an error involving the denial of a federal constitutional right can be held harmless in a state criminal case the reviewing court must be satisfied beyond a reasonable doubt that the error did not contribute to the accused's conviction.
Applying the foregoing standard to the facts in this case we have no doubt that the error cannot be deemed harmless. From our review of the record we are led to believe that defendant's guilt of the crimes charged was a close factual question. The court's comment might well have been the determinative factor which impelled the jury to find the defendant guilty. We cannot say that we are satisfied beyond a reasonable doubt that it did not contribute to his conviction. Chapman v. California, supra, 386 U.S., at p. 24, 87 S.Ct. 824. Moreover, we further regard the error as amounting to "plain error" under R.R. 1:5-1(a), because, while not brought to the attention of the trial court, it affected the substantial rights of the defendant.
The judgments of conviction are reversed and the case is remanded for a new trial.