101 N.J. Super. 490 (1968)
244 A.2d 703
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
THOMAS GRAY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 10, 1968.
Decided June 28, 1968.
*491 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Kenneth S. Javerbaum, Assistant Deputy Public Defender, argued the cause for defendant-appellant (Mr. Peter Murray, Public Defender, attorney).
Mr. Archibald Kreiger, Assistant Prosecutor, argued the cause for plaintiff-respondent (Mr. John G. Thevos, Passaic County Prosecutor, attorney).
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Defendant was convicted of possession and sale of narcotics and he appeals.

I
His first ground of appeal is that the trial judge erred in failing to charge the jury that no inference adverse to defendant was to be drawn from his failure to testify. However, no request to so charge was made before the judge charged the jury. After the charge, and by way of exception to it, defense counsel said: "I didn't hear anything concerning the defendant's right not to take the stand should he so desire."
When the judge pointed out that defendant had made no request for such a charge, defense counsel replied: "I know I didn't submit any formal written requests to charge, but I had presumed that that would be among your Honor's charge to the jury, to the purpose that they may be advised as to his rights."
A colloquy then ensued between the judge and defense counsel during which the judge commented upon the uncertainty of the law in this area, especially as to what is to be said and when it may be said. At no point did defense counsel make a positive request for such a charge, and, if we treat the exception as a request for such a charge, we find *492 that nowhere did defense counsel state specifically what he wanted said in such a charge. State v. Smith, 100 N.J. Super. 420 (App. Div. 1968), had not yet been decided at the time of Gray's trial. At that time it was uncertain as to whether a judge should, sua sponte, charge with reference to the defendant's failure to testify. State v. DeStasio, 49 N.J. 247, 252 (1967). Indeed, there are cases in which it has been held that it was or would be error to do so. See State v. Cousins, 4 Ariz. App. 318, 420 P.2d 185 (Ct. of App. 1966), followed in State v. Zaragosa, 6 Ariz. App. 80, 430 P.2d 426 (Ct. of App. 1967); People v. Horrigan, 253 Cal. App.2d 519, 61 Cal. Rptr. 403 (Ct. of App. 1967); Russell v. State, 240 Ark. 97, 398 S.W.2d 213 (Sup. Ct. 1966) (instruction given over defendant's objection); People v. Molano, 253 Cal. App.2d 841, 61 Cal. Rptr. 821 (Ct. of App. 1967) (instruction given over defendant's objection). And even when a charge was requested by defendant, it was uncertain as to whether it had to be given at all and, if given, just what had to be said. See cases collected in the annotation in 84 L.Ed. 261, 277-281 (1940). In Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), the Supreme Court refrained from ruling on the question saying: "We reserve decision on whether an accused can require, as in Bruno v. United States, 308 U.S. 287, 60 S.Ct. 198, 84 L.Ed. 257 that the jury, be instructed that his silence must be disregarded." 380 U.S., at 615, 85 S.Ct., at 1233, 14 L.Ed.2d, at 110, fn. 6. Besides the cases cited in State v. Smith, supra, the following cases, decided after Griffin, hold that a defendant's request for the charge need not be honored. Jackson v. State, Nev., 438 P.2d 795 (Sup. Ct. 1968); State v. McCall, 425 S.W.2d 165 (Mo. Sup. Ct. 1968); State v. Powers, 4 Conn. Cir. 520, 236 A.2d 354 (App. Div. 1967); contra, People v. Bernal, Cal. App., 62 Cal. Rptr. 96 (Ct. of App. 1967).
Bruno, supra, approved the charge therein stated, not because the Constitution required it but because 28 U.S.C.A. § 632 (now 18 U.S.C.A. § 3481) did. In State v. *493 Smith, supra, defendant had asked for a charge which he formulated and which was somewhat different in language, but perhaps not in meaning, from the Bruno charge, and we held it was error not to give it. Even now the question remains whether the United States Supreme Court or our Supreme Court will hold that such a charge must be given, and, if so, what language it must contain. In any event, how was the trial judge here to know, before State v. Smith, what charge to give, in the absence of a written request and the opportunity to study it contemplated by R.R. 3:7-7(a)? Under the circumstances, we hold that the trial judge was not required to charge on the subject without a request by defendant, State v. Aviles, 49 N.J. 192 (1967), and no timely or proper request wes here made; hence there was no error.
R.R. 3:7-7(a) requires a party to file written requests for instructions at the close of the evidence and before summations and charge, and unless so filed they may be rejected by the trial court. State v. Silverman, 116 N.J.L. 242 (E. & A. 1936). Written requests to charge are essential, especially when they deal with new or uncertain areas of the law. Cf. State v. Mangrella, 86 N.J. Super. 404, 409 (App. Div. 1965).
As we said in State v. Mangrella, supra, with reference to a charge upon accomplice testimony:
"Indeed, it may be dangerous to volunteer such a charge for, as was pointed out in Begyn [State v. Begyn, 34 N.J. 35]; supra, a defendant may claim to be prejudiced by it. Even when requested, the charge has to be carefully tailored to fit the facts of the particular case (Begyn, supra). Therefore, the defendant should be the one to ask for the charge and to do the tailoring. * * *." (86 N.J. Super, at p. 409)
Had the trial court charged on defendant's failure to take the stand in any words other than the Bruno charge, defendant would doubtless now argue that that was error, especially because it came after the main charge had been completed and thus his failure to testify was highlighted. On the other hand, at that point the State had the right, if one *494 was given, to a charge carefully formulated and which would not prejudice its rights to a fair trial.

II
The summations having concluded late in the day, the trial judge decided to charge the jury the next day. On the following morning, prior to the charge, defense counsel moved to allow defendant to testify. This motion was denied. Defendant contends that this was error.
Defendant recognizes that the decision to reopen the case rested in the discretion of the trial court. State v. Menke, 25 N.J. 66 (1957); State v. Wolf, 44 N.J. 176 (1965) (after submission of case to jury); 87 A.L.R.2d 849 (1963) (after submission of case to jury). Consequently, the issue presented is whether the trial court abused its discretion by denying defendant's request to testify (1) where defendant previously had made an express election not to testify, (2) where both parties had rested and concluded their summations, and (3) where the jury had not yet been charged. We perceive no abuse of discretion. See Eyer v. Brady, 128 F.2d 1012 (4 Cir. 1942), certiorari denied 317 U.S. 679, 63 S.Ct. 157, 87 L.Ed. 545 (1942) and Hawkins v. State, 102 Tex. Cr. R. 468, 277 S.W. 1067 (Crim. App. 1925).
Defendant contends he was denied effective counsel at his trial because he failed to subpoena the magistrate who presided at defendant's preliminary hearing to contradict certain testimony given at the trial. We find no merit in this contention.
Affirmed.