**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3154-16T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARVIN D. CRUZ,

    Defendant-Appellant.

_____

          Submitted June 4, 2018 — Decided June 12, 2018

          Before Judges Whipple and Rose.

          On appeal from Superior Court of New Jersey,
          Law Division, Monmouth County, Indictment No.
          12-02-0333.

          Christopher J. Gramiccioni, Monmouth County
          Prosecutor, attorney for respondent (Mary R.
          Juliano, Assistant Prosecutor, of counsel and
          on the brief).

          Joseph E. Krakora, Public Defender, attorney
          for appellant (Stephen P. Hunter, Assistant
          Deputy Public Defender, of counsel and on the
          brief).

PER CURIAM

Defendant Marvin D. Cruz appeals from his conviction after a jury trial for unlawful possession of .37 grams of cocaine. N.J.S.A. 2C:35-10(a)(1). We affirm.

We glean the salient facts from the one-day trial. On October 20, 2011, at approximately 12:15 p.m., State Police Sergeant Richard Shelton was on routine traffic patrol, traveling in a marked police vehicle on Liberty Street in Long Branch, when he observed a van travelling in the opposite direction "coming head-on at [him]." The two occupants were not wearing seat belts. Shelton stopped the vehicle, but neither man could produce a driver's license.[1] The men explained they were performing construction work at a nearby church, a licensed driver drove them to the job site that morning, and they were using the van to return from their lunch break.

While Shelton was writing summonses for the two occupants of the van, a third man, later identified as defendant, approached the driver's side window of the police vehicle. Shelton testified defendant's action "kind of freaked [him] out" because he was placed "at a tactical disadvantage[]" when defendant suddenly approached him. Defendant handed Shelton a driver's license and

---

[1] The sergeant later explained he asked both occupants for licenses to avoid having the van towed.

said "I'm the one," which the sergeant inferred as meaning defendant was the individual who had driven the other two men to the job site earlier that day. Shelton entered defendant's information into his vehicle's computer, and determined he had an outstanding traffic warrant.[2]

A search incident to defendant's arrest revealed a black wallet containing a bag of white powder in the billfold section.[3] Suspecting the substance was cocaine, Shelton retained the bag as evidence, and returned the wallet and the remainder of its contents to defendant because the items had "no evidentiary value." On cross-examination, Shelton could not recall specific details about the contents of the wallet, but stated, "There was a small amount of money. There were some sort of cards, you know, the usual stuff that would be in a man's wallet."

On redirect examination, Shelton explained while he could not recall the particular items in the wallet, he remembered they belonged to defendant. On re-cross examination, the following colloquy between defense counsel and Shelton ensued:

> [DEFENSE COUNSEL]: . . . if you don't recall
> what's in the wallet and you didn't document

---

[2] The jurors were not informed defendant had an outstanding warrant, but were instructed his arrest was lawful, and they should not speculate about the basis of his arrest.

[3] On appeal, defendant does not challenge denial of his motion to suppress the evidence seized subsequent to his arrest.

it any way, how can you say they belong to [defendant]?

[SHELTON]: Because I took note, I looked at what was in the wallet. I don't remember specifically. I couldn't tell you [if] there was [a] Monmouth County Library card in there, I couldn't tell you there was, you know, a Visa card. But it was his wallet. His stuff was in there. It was his wallet. I took it out of his pocket. I don't recall exactly what it was, it was five years ago.

[DEFENSE COUNSEL]: You took it out of his pocket. So when you took it out of his pocket you assumed it was his wallet, is that correct?

[SHELTON]: Yes. It was his wallet, yeah.

[DEFENSE COUNSEL]: Because you found it in his pocket?

[SHELTON]: Yes.

Thirty-five minutes after the jurors commenced deliberations, they found defendant guilty of third-degree possession of cocaine. On February 17, 2017, defendant was sentenced to a one-year, non-custodial probationary term. This appeal followed.

On appeal, defendant argues:

POINT I

THE POLICE OFFICER'S OPINION TESTIMONY IMPROPERLY INVADED THE PROVINCE OF THE JURY AND WAS PLAIN ERROR. U.S. CONST. AMENDS. VI, XIV; N.J. CONST. ART. I, ¶¶ 1, 9, 10. (Not Raised Below)

4

POINT II

[THE] TRIAL COURT ERRED TO THE DEFENDANT'S PREJUDICE BY GIVING THE INSTRUCTION ON FAILURE TO TESTIFY WITHOUT THE DEFENDANT'S CONSENT. U.S. CONST. AMEND. XIV; N.J. CONST. ART. I, ¶ 1.
(Not Raised Below)

Because defendant did not contemporaneously object to the issues he now raises on appeal, we evaluate both newly-minted arguments under a plain error standard of review. R. 2:10-2; State v. Singleton, 211 N.J. 157, 182-83 (2012). Under that standard, a conviction will be reversed only if the error was "clearly capable of producing an unjust result[,]" i.e., if it was "sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached[.]" State v. Taffaro, 195 N.J. 442, 454 (2008) (citation omitted). A defendant's failure to object leads to the reasonable inference the issue was not significant in the context of the trial. State v. Macon, 57 N.J. 325, 333 (1971).

Initially, defendant argues Shelton's testimony concerning defendant's ownership of the wallet was improper opinion testimony because the sergeant "could not remember any specifics about the wallet." As such, defendant contends that testimony runs afoul of the Court's holding in State v. McLean, 205 N.J. 438 (2011). Defendant's argument is misplaced.

In <u>McLean</u>, our Supreme Court considered whether an officer's testimony, admitted over defense objections, about the defendant's involvement in drug transactions constituted permissible lay opinion testimony pursuant to N.J.R.E. 701. <u>Id.</u> at 448. After analyzing the differences between expert opinion and lay opinion testimony, the Court concluded the officer's testimony was impermissible lay opinion because it was "an expression of a belief in defendant's guilt" and "presumed to give an opinion on matters that were not beyond the understanding of the jury." <u>Id.</u> at 463. The Court also expressed concern that the testimony was elicited after a question referring to the officer's training and qualifications, thereby underscoring it was expert testimony. <u>Ibid.</u>

None of those concerns is implicated here. Shelton did not opine about defendant's guilt over objection on direct examination. Rather, the sergeant responded affirmatively to defense counsel's line of inquiry that he assumed the wallet belonged to defendant because Shelton physically removed it from defendant's person. Defense counsel did not move to strike any of Shelton's answers to the three questions he posed on re-cross examination. We discern no error, less plain error, in permitting Shelton's testimony in response to defense counsel's pointed inquiry.

6                                                    A-3154-16T3

Further, we agree with the State that when a defendant later claims a trial court was mistaken for allowing him to pursue a chosen strategy -- a strategy not unreasonable on its face but one that did not result in a favorable outcome -- his claim may be barred by the invited-error doctrine. See State v. A.R., 213 N.J. 542, 561-62 (2013) ("[T]rial errors that were induced, encouraged or acquiesced in or consented to by defense counsel ordinarily are not a basis for reversal on appeal . . . ." (citation omitted)). The invited-error doctrine is intended to "prevent defendants from manipulating the system" and will apply "when a defendant in some way has led the court into error" while pursuing a tactical advantage that does not work as planned. Ibid. (citation omitted). The doctrine "is grounded in considerations of fairness," but will not apply automatically if to do so would "cause a fundamental miscarriage of justice." Ibid. (citation omitted).

Secondly, defendant claims he was prejudiced because the trial court instructed the jury about his decision not to testify, without seeking his consent. The record does not support his argument.

Following the trial court's denial of defendant's motion for acquittal, defense counsel requested the court voir dire defendant regarding his right to testify outside the presence of the jury.

During that colloquy, defendant did not ask the judge to refrain from giving the no averse inference charge. Rather, defendant responded, in pertinent part, to the court's inquiry as follows:

> THE COURT: And you understand that at the appropriate time the [c]ourt will give the jury an instruction that you have a constitutional right to remain silent?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And that they cannot consider for any purpose or in any manner in arriving at their verdict that you did not testify. You understand that?
>
> THE DEFENDANT: Yes, sir.

Further, during its final jury charge, the court's instruction regarding defendant's decision not to testify closely tracked Model Jury Charges (Criminal), "Defendant's Election Not to Testify" (rev. May 4, 2009). Defendant did not object to the charge at trial or during the charge conference.

Defendant's belated reliance on State v. Smith, 100 N.J. Super. 420, 424-25 (App. Div. 1968), lacks merit. In Smith, the trial court refused the defendant's explicit request for a no adverse inference charge regarding his decision not to testify. Id. at 422. We reversed, holding a defendant is entitled to a jury instruction that his failure to testify does not create a

presumption of guilt, when he requests the instruction.  <u>Id.</u> at 425.

Here, unlike <u>Smith</u>, the trial court did not refuse to give an instruction requested by defendant.  Nor did the court give the instruction over defendant's objection.  Rather, the judge asked defendant whether he understood the jurors would be instructed about defendant's constitutional right to remain silent, and they could not consider defendant's decision in arriving at their verdict.  Defendant politely responded "Yes, sir" to both of those questions.  He did not request the court to refrain from giving the instruction after the court expressly advised defendant it would give such a charge.  Nor did he object to the instruction at the charge conference or at trial.  <u>See</u> <u>Lakeside v. Oregon</u>, 435 U.S. 333, 339 (1978) ("It would be strange indeed to conclude that this cautionary instruction violates the very constitutional provision it is intended to protect."); <u>State v. McNeil</u>, 164 N.J. Super. 27, 31 (App. Div. 1978).

Moreover, pursuant to <u>Rule</u> 1:7-2, a defendant is required to challenge instructions at the time of trial.  "Generally, a defendant waives the right to contest an instruction on appeal if he does not object to the instructions as required by <u>Rule</u> 1:7-2."  <u>State v. Adams</u>, 194 N.J. 186, 206-07 (2008).  "Where there

is a failure to object, it may be presumed that the instructions were adequate." State v. Morais, 359 N.J. Super. 123, 134-35 (App. Div. 2003) (citing Macon, 57 N.J. 325 at 333). Moreover, the failure to "interpose a timely objection constitutes strong evidence that the error belatedly raised [] was actually of no moment." State v. White, 326 N.J. Super. 304, 315 (App. Div. 1999). Defendant made no such challenge here.

In short, defendant has failed to demonstrate the court's jury instruction on his decision not to testify constituted legal impropriety, which prejudiced his substantial rights. State v. Burns, 192 N.J. 312, 341 (2007). Consequently, there was no error, let alone plain error, capable of producing an unjust result. Adams, 194 N.J. at 207 (citing R. 2:10-2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

10

A-3154-16T3